CARTWRIGHT v. COPESS.

1. **Practice in Supreme Court**: DEFECTIVE RECORD: JUDGMENT AFFIRMED. Where appellant's abstract does not purport to be an abstract of all the evidence, and it does not appear therefrom that any of the evidence was preserved by bill of exceptions, he is not entitled to a new trial merely because appellee has filed an additional abstract, which is for the most part negative in its nature; nor is he entitled to a new trial upon errors, when no errors have been assigned.

*Appeal from Jones Circuit Court.*

MONDAY, DECEMBER 11.

ACTION for judgment on a promissory note and for the foreclosure of a mortgage. The defense pleaded was usury, and upon a trial a judgment· and decree were rendered for the plaintiff. Defendant appeals.

*J. W. Jamison*, for appellant.

*Piatt & Carr*, for appellee.

ROTHROCK, J.—The appellant's abstract does not purport to be an abstract of all the evidence. And it does not appear therefrom that any of the evidence was preserved by certificate or bill of exceptions, or otherwise. The plaintiff makes the question that the case cannot be tried anew in this court, and cannot be tried upon errors because no errors are assigned.

The position of appellee is well taken. It is true he files an additional abstract, but it is for the most part negative in its character. For example, it strikes out the entire testimony of the defendant and the testimony of another of his most material witnesses, upon the ground that their testimony was not reduced to writing, and is not in any manner made of record. These amendments are in no manner controverted by the appellant, and, under the practice in this court, must be accepted as correct. In this state of the record, if the appellant were entitled to a trial anew because the appellee has filed an additional abstract, the defense would fail upon the ground that there would be a clear preponderance of the evidence with the appellee. The judgment and decree of the Circuit Court must be

AFFIRMED.