## HALL v. HARRIS ET AL.

1. **Practice in Supreme Court:** TRIAL DE NOVO: EVIDENCE NOT CERTIFIED. The printing at the end of an abstract the certificate of the trial judge, which was attached to the evidence in the court below, stating that the "foregoing report contains all the evidence," etc., is not a statement that the *abstract* contains all the evidence, and will not justify a trial *de novo*.

2. ——: ——: ——: EFFECT OF AMENDED ABSTRACT. Where, in such a case, the appellee files an amended abstract, for the purpose only of making a specific correction, but yet claiming that the two abstracts do not contain all the evidence, the omission in the first abstract is not cured, and a trial *de novo* cannot be had.

3. ——: SUBMITTING ARGUMENT: REGULARITY PRESUMED. When a printed argument comes to the court in the usual time and manner, the court cannot hold that it was not duly submitted to opposite counsel, upon the mere statement of such counsel made in a petition for rehearing.

4. ——: TRIAL OF ERRORS: EVIDENCE NOT CERTIFIED. Errors assigned on the ground that the evidence does not support the decree cannot be considered, unless it appears that all the evidence is before the court.

5. **Practice:** STRIKING MATTER FROM PLEADING. Where a reply to a cross-bill contained paragraphs which were mere repetitions of matter pleaded in the petition, or mere recitation of evidence instead of allegations of fact, and the like, it was not error for the court to strike out these paragraphs on motion.

*Appeal from Pottawattamie District Court.*

THURSDAY, SEPTEMBER 20.

ACTION in chancery to set aside a deed on the ground that it was made to defraud the creditors of the grantor, to enforce a vendor's lien against the land described in the deed, and to enjoin defendants from conveying and incumbering the premises. There was a decree dismissing plaintiff's petition, from which he appeals.

*Smith, Carson & Harl*, for appellant.

*E. A. Babcock, Ross & Mayne*, for appellee.

BECK, J.—I.   The abstract nowhere alleges that it contains

all the evidence offered and admitted in the court below. But the certificate of the judge trying the cause, which appears to have been attached to the evidence in the court below, stating that "the foregoing report contains all the evidence," etc., is printed at the end of the abstract. There is no averment, that all the evidence found in this "report" is contained in the abstract. The defendants insist that the cause cannot be tried *de novo*, and that the decree of the court below must be affirmed.

II. We have time and time again held that, to authorize us to try a cause *de novo*, the abstract must show that it con-

**1. PRACTICE** in supreme court: trial de novo: evidence not certified.
tains *all* the evidence offered and introduced in the court below. We have also held that the printing of the certificate of the judge, as is done in this case, without more, will not show that the abstract contains all the evidence offered and admitted. *Overholt v. Esmay*, 54 Iowa, 748; *Cassady, Adm'r, v. Spofford*, 57 Id., 237; *Conwell v. House et al.*, 57 Id., 754; *Rice & Son v. Plymouth Co.*, 53 Id., 635. It is proper to remark that the case is brought here for trial *de novo*, and plaintiff claims a trial in that manner.

III. Defendant filed an amended abstract, claiming therein that plaintiff's abstract "is incorrect in many particulars."

**2. ——: ——: ——: effect of amended abstract.**
While correcting one error in the original abstract, the defendants expressly claim that, with the amendment, the case is not fully presented, and all the evidence is not found in the two abstracts. The case is not within the rule of *Starr v. City of Bulington*, 45 Iowa, 87, followed in *Cross v. The B. & S. W. R. R. Co.*, 51 Id., 683, and *Wells v. The B., C. R. & N. R. Co.*, 56 Id., 520.

The appellee, upon filing an amended abstract to correct a specified error in the original abstract, and expressly declaring that, with the amendment, all the evidence is not presented by the two abstracts, will not, under these decisions, be held to admit that all the evidence is presented by the ab-

stract and amended abstract.   The judgment of the district
court must be

AFFIRMED.

SUPPLEMENTAL OPINION.

BECK, J.—I.   A petition for rehearing has been filed in
this case, which presents some objections to the foregoing
opinion that ought to be noticed.

It is not shown in the abstract that it contains all the evi-
dence.   The certificate of the judge trying the case, printed
in the abstract, is to the effect that the report of the evidence
contains all the testimony introduced or offered at the trial.
Counsel claim that the certificate should be understood as
applying to the contents of the abstract.   But this cannot be,
for the district judge does not pretend to certify to the ab-
stract, and doubtless never saw it.   While the report he cer-
tifies may be complete, it does not follow that an abstract
prepared by counsel in the' case contains all the evidence.

II.   The amended abstract does not purport to present any
evidence in the case.   It only attempts to correct a part of
the errors.   The corrections made pertain to the form of the
decree in the court below.   This amended abstract, under the.
cases cited in the foregoing opinion, cannot be regarded as
supplying omitted evidence, or as an admission that the
original abstract contains all the evidence.

III.   Counsel for defendants, in the argument, insist that it
does not appear that we have all the evidence before us.   It
is stated by counsel for plaintiffs in the petition
for rehearing that this argument was not seen by
them until after the opinion was filed.   It came
to us at the usual time, and in the usual manner of submitting
arguments.   We cannot hold that the argument was irregu-
larly submitted to us upon the mere statement of counsel
made in the petition for rehearing.

. IV.   Counsel for plaintiff insisted in their arguments that

3. ——: sub-
mitting argu-
ment: regu-
larity pre-
sumed.

Hall v. Harris et al.

this case is triable *de novo.* In the petition for rehearing

*4. ——: trial on errors: evidence not certified.*

they urge that it is not triable *de novo,* for the reason that it is not made to appear that we have all the evidence before us; it must be tried upon errors assigned by them. Without holding that we may decide the case upon the errors assigned, it is proper to observe that, were we to do so, there is no ground for disturbing the decree of the court below.

All of the errors assigned, except one, are in effect based upon the insufficiency of this evidence to support this decree. We of course cannot consider these objections, unless it appears that we have all the evidence before us.

One assignment of errors relates to the ruling of the court in sustaining a motion to strike certain paragraphs of plaint-

*5. PRACTICE: striking matter from pleading.*

iff's reply to defendant's cross-bill. Four of the paragraphs stricken were but repetitions of allegations on matter pleaded in the petition; two of them contain allegations of matters of evidence, instead of allegations of fact, and two of them contain prayers for relief, one repeating substantially the prayer of the petition, and the other asking that the cross-bill be dismissed. This statement sufficiently justifies the ruling of the district court in supporting the motion to strike. The petition for rehearing is

OVERRULED.