## HASSETT v. HASSETT ET AL.

1. **Practice in Supreme Court:** TRIAL DE NOVO: EVIDENCE WANTING: Where appellant's abstract does not purport to contain all the evidence, but appellee's abstract, undenied, alleges that it does not, and does not itself purport to furnish the missing evidence, there can be no trial *de novo* in this court.

*Appeal from Shelby Circuit Court.*

THURSDAY, JUNE 4.

ACTION in chancery to enforce a mechanic's lien against a railroad company and a sub-contractor, for work in construcing a railroad. There was a judgment against plaintiff upon issues involved between him and the sub-contractor. The cause as to other defendants was continued. Plaintiff appeals.

*D. O. Stuart,* for appellant.

*Macy & Gammon,* for appellee.

BECK, CH. J.—I. The abstract in this case fails to show or allege that it contains all of the evidence in the case. It does contain a printed copy of the certificate of the reporter and judge, showing that the record contains all of the evidence except depositions, exhibits and documents, to which reference is made in the record. This we have repeatedly held is not sufficient.

II. The appellee files an amended abstract, setting out parts of the pleadings and evidence, expressly alleging that the original abstract, with the amendment, does not contain

all the evidence. This amended abstract is not denied, and must therefore be regarded as admitted. We have often decided that a case thus presented will be considered as failing to show all the evidence.

III. It therefore appears that plaintiff fails to show that the abstract contains all the evidence, and the amended abstract shows affirmatively that it does not. There are no questions in the case other than those of fact. As the cause, if triable in this court, must be heard *de novo*, it is not in a condition to be considered by us.

The decree of the district court must therefore be

AFFIRMED.