Shattuck v. The Burlington Ins. Co.

SHATTUCK v. THE BURLINGTON INSURANCE COMPANY.

1. **Appeal:** AGREED ABSTRACT: WHEN PROOF REQUIRED. Where appellant's abstract is entitled or endorsed "Agreed abstract of record," it will be accepted as such in the absence of a denial, but when appellee denies that it is an agreed abstract, appellant must prove it.

2. ———: ABSTRACT OF EVIDENCE: HOW SHOWN. Where the evidence is required on an appeal, appellant's abstract should allege or show that it contains it all. The certificate of the judge to the testimony, when copied into the abstract, does not so show; it only shows the contents of the paper to which he certifies.

3. ———: ———: DENIAL: EFFECT. Where appellee in his abstract alleges that appellant's abstract is not one of all the evidence, and, after presenting additional evidence, states that both abstracts fail to present all of the evidence, and appellant's abstract does not claim to present all the evidence, this court must consider that all the evidence is not before it.

4. ———: EVIDENCE WANTING: AFFIRMANCE. Where an appeal raises only such questions as must be determined in the light of the evidence, and the evidence is not properly before the court, there is nothing to consider, and the judgment must be affirmed.

*Appeal from Jackson District Court.*—HON. WALTER I. HAYES, Judge.

FILED, OCTOBER 9, 1889.

ACTION on a policy of insurance. There was a judgment for the plaintiff, and the defendant appeals.

*Gannon & McGuirk*, for appellant.

*L. A. Ellis* and *G. L. Johnson*, for appellee.

GRANGER, J.—I. Appellant files what purports to be an agreed abstract of record. The only evidence the abstract contains of its being an agreed one are these words across the front or title page: "Agreed abstract of record." Appellee's amended abstract expressly denies that the abstract is an agreed one, and appellant

1. APPEAL: agreed abstract: when proof required.

makes no further showing of the fact. With that state of the record, we must assume that appellee's statement is correct. Without a denial by appellee the endorsement or statement on appellant's abstract would have been accepted as true, but after the denial by appellee it became the duty of appellant to establish the fact of the agreement.

Appellee, by his abstract, further denies that appellant's abstract is one of all the testimony; and after presenting additional testimony states that both the abstracts fail to present an abstract of all the evidence, and insists that the record presents no questions for this court. Referring to appellant's abstract, it contains no statement whatever as to its contents in respect to evidence. There is copied in the abstract a certificate of the judge as to certain testimony offered on the trial, but there is no statement of what the abstract contains. And here we think is where counsel sometimes fall into error. The statement we are now considering is as to the contents of the abstract. The certificate of the judge to the testimony, when copied into the abstract, in no sense proves the contents of the abstract. It is only proof of the contents of the paper he signs. The office of the abstractor is to state or show that the abstract is one of all the evidence, etc. The certificate of the judge might be true, and the abstract contain but a fraction or even none of the testimony. The statement in appellee's abstract must be taken as true unless denied by appellant; and there is no denial. *Cartwright v. Copess*, 60 Iowa, 195; *Hall v. Harris*, 61 Iowa, 500; *Hassett v. Hassett*, 66 Iowa, 304.

*2. ——: abstract of evidence: how shown.*

*3. ——: ——: denial: effect.*

II. Appellant, in argument, states: "The only questions in controversy are as follows: (1) Did appellee, by himself or by his agent, cause the burning of the building? (2) Did appellee notify appellant of the loss and furnish proof, as provided in the policy, and as required by law? (3) Did appellant waive notice and proof of loss? (4) The court erred in admitting parol evidence tending

*4. ——: evidence wanting: affirmance.*

to show notice of loss and proof thereof." It is manifest that such questions can only be considered by reference to the testimony, and, from the state of the record, we are unable to say what testimony is missing; and hence appellee's claim that we have no questions under the record to consider must be sustained.

AFFIRMED.