HERMAN NEITZ, Appellee, v. WILLIAM HILKER *et al.*, Appellants.

1. **Practice in Supreme Court:** EVIDENCE: BILL OF EXCEPTIONS. Where an abstract of the record in a cause shows affirmatively that the evidence has not been preserved by a bill of exceptions, and no certificate of the trial judge to the evidence has been filed, but only a certificate of the clerk of the district court that the abstract contains a complete statement of the pleadings and evidence, the supreme court will not review alleged errors of the district court in the admission of evidence.

2. ——: ——: ——. Neither will the court consider under such circumstances the applicability of the court's instructions to the evidence.

*Appeal from Hardin District Court.*—Hon. John L.
Stevens, Judge.

Monday, February 1, 1892.

Action at law to recover damages for an alleged
malicious prosecution. There was a trial by jury, and
a verdict and judgment for the plaintiff. The defend-
ants appeal.—*Affirmed.*

*Hyatt & Hyatt,* for appellants.

*C. E. Albrook,* for appellee.

Rothrock, J.—I. The plaintiff was arrested upon
an information from a justice of the peace, charging

1. Practice in
supreme
court: evi-
dence:
bill of excep-
tions.

him with larceny, and, upon a prelimi-
nary examination before the justice, the
prosecution was dismissed and the
plaintiff discharged. It is not disputed
that the arrest was procured by the defendant
William Hilker. The participation of Ernest Hilker
in commencing the prosecution was disputed. It
appears from the abstract of the appellants that
objections were taken to the rulings of the court
in refusing to allow the defendants to introduce in
evidence facts which the defendants learned from
third parties in relation to the acts, declarations
and conduct of the plaintiff, which would operate
upon the minds of the defendants on the question
of probable cause for believing the plaintiff guilty
of the criminal charge for which he was arrested.
The evidence, as set out in the abstract, shows that the
defendants were permitted to show all the information
upon which they acted in the prosecution of the
plaintiff. This fully appears in the abstract wherever
the evidence is abstracted. Certain questions to
witnesses are set out, and objections thereto were sus-
tained which at a casual examination might appear

erroneous.   But the whole scope of the evidence shows
that the defendants were permitted to prove every fact
which operated on their minds in procuring the arrest
of the defendants.

But there is another ground upon which it would be
improper for this court to pass upon the rulings under
consideration.   It does not appear from the appellants'
abstract that the evidence was preserved by a bill of
exceptions.   On the contrary, it appears from the
abstract that the evidence is certified to this court by
the clerk of the district court.   The only authentica-
tion in any manner referred to in the abstract is in
these words:   "The foregoing is a full and complete
statement of all the pleadings, evidence given, offered
and refused, instructions asked and refused, verdict
of the jury, motion for new trial, rulings and other
record entries—all of which is duly certified to by the
clerk of said court."   It is not necessary to set out a
bill of exceptions in full in an abstract, and it may be
that, when no objection is made by the appellee, even
the failure to state in an abstract that the evidence was
preserved by a bill of exceptions ought not to prejudice
an appeal.   But in this case the abstract shows affirm-
atively that it was not preserved by a bill of exceptions
or by a certificate of the judge, but by a certificate of
the clerk.

II. It is claimed the court erred in the charge to
the jury.   We do not discover that the instructions are
not correct as abstract propositions of law.
2. —: —: —.   Whether applicable to the evidence we
cannot determine, as no part of the evidence is before
this court in a proper abstract.   The judgment of the
district court is AFFIRMED.