R. H. FAIRBAIRN v. F. M. HAISLET, Appellant.

90  143
97  598
98  651

Defect in Pleading not to be Raised on Evidence. Where an issue is made and tried without objection, evidence tending to prove it can not be excluded. (1)

Review of Question of Fact: INCOMPLETE ABSTRACT. Where an undenied, amended abstract states that the evidence is not all before this court, it will not determine whether a fact found below is proven. (2)

*Appeal from   Chickasaw   District Court.*—HON. W. A. HOYT, Judge.

WEDNESDAY, JANUARY 31, 1894.

THE plaintiff is the editor of the New Hampton *Courier*, and the defendant, of the New Hampton *Tribune*,—newspapers published in Chickasaw county, Iowa. These two, with four other papers, were applicants for the county printing at the January session of

the board of supervisors, 1892. The proceedings of the board were such that it awarded the printing to four of the papers, among which was the defendant's paper,— the New Hampton *Tribune.* The plaintiff's paper, the New Hampton *Courier,* was excluded from the list, and he appealed to the district court. In the district court, Fairbairn filed what is denominated in the abstract as "Pleadings of Appellant." The pleading commences as follows: "The appellant, R. H. Fairbairn, publisher of the New Hampton *Courier,* shows the court that many of the facts necessary to be known in order to properly understand and decide this case do not appear in the record of the board of supervisors, and he files this pleading to make said facts a part of the record. Said facts are as follows, to wit." The facts recited are with reference to the proceedings of the board, the appearance before it of the claimants, the facts as to lists presented, and the conclusions of the board in awarding the printing. It is not important to set out the pleading. To this pleading the defendant filed his answer as follows: "Comes F. M. Haislet, defendant, and for answer herein denies each and every allegation in plaintiff's pleading contained. Denies that there was any action taken by the board, from which an appeal could be taken." Upon the issue thus formed, evidence was taken on the part of the plaintiff, at the close of which defendant filed a motion to "dismiss the appeal and enter judgment for defendant on the following grounds, to wit." The grounds are ten in number, each of which is based on what "the evidence fails to show," or what the "undisputed evidence shows." The district court overruled the motion, and it then appears from the abstract that "defendant, F. M. Haislet, stands on his said motion, and refuses to plead further." The court gave judgment for the plaintiff, making his paper one of the official papers of the county, and from the order the defendant, Haislet, appeals.—*Affirmed.*

*J. W. Sandusky* and *T. C. Clary* for appellant.

No argument for appellee.

GRANGER, C. J.—I.  H. Shaver was attorney for the plaintiff in the proceeding before the board at its January session, 1892, when the order designating the papers was made.  At the trial of the issue in the district court, he was called as a witness by plaintiff, and interrogated as to the proceeding before the board by questions tending to show whether or not there was a contest before the board from which an appeal could be taken.  The evidence was admitted under objection, and it is now urged that the court erred in admitting it.  The evidence tended to prove the allegations or statements of the pleading filed by plaintiff, on which defendant took issue by his answer.  It is not for us to question the sufficiency of the issue formed.  It was made by the parties without objection, and was for trial.  The evidence was pertinent and material to the issue joined.  The pleading filed plainly indicated the line of inquiry to follow, and, if it was improper, defendant should have declined such an issue, by attacking the pleading as insufficient or improper.  The part of the pleading we have quoted shows a purpose to prove facts not of record in the proceedings of the board, and the further averments specify the particular facts.  Any legal objection was plainly apparent on the face of the pleading.

II.    Upon the trial the district court must have found that there was a contest from which an appeal could be taken.  It is insisted to us that the evidence fails to show such a contest, and, further, that it shows, without dispute, that there was no such contest.  These questions we can not determine, under the condition of the record.  They involve an examination of the evidence.  Appellee files an additional abstract, in which some additional evidence is referred to, and it is stated

that the bill of exceptions contains all the evidence, and. that appellant's abstract "only sets out a very small part of the bill." It is then stated that the abstract and the amended abstract contain only a small part of the bill of exceptions and evidence. The statements in the amended abstract are to be taken as true. *Marsh v. Smith,* 73 Iowa, 295, 34 N. W. Rep. 866; *Acton v. Coffman,* 74 Iowa, 17, 36 N. W. Rep. 774; *Foley v. Hefferon,* 70 Iowa, 572, 31 N. W. Rep. 877. Appellant has filed no denial of appellee's abstract, and this case is clearly within the rule of those cited. Without the evidence all before us, we can not determine what it proves or disproves, which are the only remaining questions presented. See *Shattuck v. Insurance Co.,* 78 Iowa, 377, 43 N. W. Rep. 228; *Neitz v. Hilker,* 51 N. W. Rep. 23. The judgment below is AFFIRMED.