|24|201|
|136|285|

## GIBSON *vs.* HATCHETT & BROTHER.

1. A witness may state that an aperture in a wall was visible from a certain point.

2. A building having been consumed by fire, which entered through an aperture in one of the walls, a witness cannot state that the house might have been saved if the aperture had been closed.

3. In *assumpsit* to recover for advances made on cotton, which was destroyed by fire while stored in plaintiff's warehouse, the defence was, that defendant was entitled to recoup for its loss ; and there was evidence tending to show that plaintiff had contracted to store the cotton in a fire-proof warehouse : *Held*, that any evidence, however slight, which tended to show defendant's assent to the storing of his cotton in a house not fire-proof, was relevant and admissible for the plaintiff ; and the fact that a certain aperture in the wall, through which the fire entered, was visible to the defendant, when he had once entered and examined the warehouse after his cotton had been stored, was relevant for this purpose.

4. A witness having been asked, whether, if plaintiff's warehouse had been as good as his own, it could have been saved by the use of ordinary diligence, answered, "Had it been as good as mine, eight such men could have saved it, but Major Dick was one :" *Held*, that the latter clause of the answer was not responsive to the interrogatory.

5. When a general objection is made to an entire answer, a portion of which only is objectionable, it is not error to sustain the objection and exclude the whole answer.

6. Defendant may show in what manner a certain other warehouse " was built, that it was not burned, and the special efforts by which it was saved," if he first proves that it was fire-proof, and was exposed to the same damage as plaintiff's ; but without this preliminary proof such evidence is inadmissible.

7. The erroneous exclusion of redundant evidence, is not available on errror, as no injury results from it.

8. A want of ordinary care in one particular, on the part of a warehouse-man, does not render him responsible for a loss occasioned by other causes not connected with that particular.

ERROR to the Circuit Court of Coosa.

Tried before the Hon. JOHN D. PHELAN.

ASSUMPSIT by Hatcher & Brother against Allen Gibson, to recover for advances made on cotton, which had been destroyed by fire while stored in plaintiffs' warehouse. The defence was, that the cotton was destroyed under such circumstances as authorized the defendant to recoup the damages.—See 13 Ala, 589.

14

The evidence tended to prove that the plaintiffs had contracted to store the cotton in a fire-proof warehouse, and that one hundred and six bales were destroyed by fire after being stored. A witness for the defendant, having stated on cross examination that, after the cotton had been stored, the defendant visited the warehouse, and examined it, was asked, whether the defendant could not have seen a certain opening in the wall of the house from the place where he stood, about one hundred and sixty feet distant. The defendant objected to this question, because it called for the opinion of the witness; but the court overruled the objection, and defendant excepted.

The defendant read in evidence the deposition of William F. Thomas, who was asked, among other things, this question : " Was the Hatchett warehouse equal, or inferior, to the one occupied by yourself at that time? If it had been as good, could it have been saved by the use of ordinary diligence?" He answered : " Plaintiffs' warehouse was not equal to mine, but inferior. Had it been equal, eight such men could have saved it, but Major Dick was one." The plaintiffs objected to this answer, and their objection was sustained ; to which defendant excepted.

The defendant offered to prove, by a witness who was acquainted with the warehouse of said Thomas, " in what manner the warehouse of said Thomas was built, that it was not burned, and the special efforts by which it was saved ;" but the court excluded this evidence, on plaintiffs' objection, and defendant excepted.

The defendant, having proved that the fire entered the plaintiffs' warehouse through the aforesaid opening in the wall, " offered to prove, by the opinion of witness, that the house and cotton could have been saved, if this space had been built up." The plaintiffs objected to this evidence, and their objection was sustained ; to which the defendant excepted.

The defendant then offered to read in evidence the following statement of Joseph F. Bradford, which it was agreed should be received as his deposition : " In conversation with W. T. Hatchett, after I had seen his advertisement stating his warehouse to be fire-proof, I asked him, if it was fire-proof. He stated, he was going to have it fire-proof, or as much so as he could, before he stopped working on it. I then told him, I would

not run the risk for the storage he was charging, for I believed his advertisement amounted to an insurance against fire. This conversation took place in the fall of 1844, as well as I now recollect." The defendant offered this evidence together, as it is above set out; the plaintiffs objected, and the court sustained the objection; to which the defendant excepted. The defendant then offered the above statement, leaving out the words " I then told him, I would not run the risk for the storage he was charging, for I believed his advertisement amounted to an insurance against fire," for the purpose of showing plaintiff's continued intention to make his warehouse fire-proof, and to rebut the idea that he had abandoned this intention. The plaintiff again objected, and the court sustained their objection; and the defendant excepted. Defendant did not, at any time, state that he " expected to connect said statement, in whole or in part, with any other proof."

" There was evidence conducing to show, that defendant had waived his right, agreeably to the stipulations of the plaintiffs, to have his cotton stored in a fire-proof warehouse, and was content to put up with the warehouse in the condition in which it was proved to be at the time it was burned."

The counsel for the defendant requested the court to charge, " that it was not consistent with ordinary care and diligence to store gunpowder in a cotton warehouse; and that, if the jury should believe that no prudent man would do such a thing with his own cotton, and plaintiffs did so with defendant's cotton, they must find for defendant." The court refused this charge, and the defendant excepted.

The several rulings of the court above set forth, are now assigned for error.

WHITE & PARSONS, ELMORE & YANCEY, and S. F. RICE, for plaintiff in error:

1. Instead of allowing the opinion of the witness, as evidence of the fact that Gibson " could see the open space in the side wall," the court should have required him to state the facts, without which no conclusion could be arrived at by any one, viz., the distance, the relative position of the two points, whether there was, at that time, anything to obstruct his vision between the two points. The great objection to evidence of this

kind is, that it substitutes the witness for the jury.—Johnson v. The State, 17 Ala. R. 623 ; M. & W. P. Railroad Co. v. Varner, 19 *ib.* 186 ; 3 Stark. Ev. 1736 ; Bullock v. Wilson, 5 Porter 338 ; Robertson v. Stark, 15 New Hamp. 109. The question, too, called for irrelevant matter : Gibson was under no obligation to ascertain whether the house was fire-proof.— Hatchett & Bro. v. Gibson, 13 Ala. 589.

2. The witness, Thomas, was a master builder, and therefore an expert ; and this renders his opinion competent evidence. His answer to the ninth interrogatory was responsive, and contained competent evidence ; it should, therefore, have been admitted.—Litchfield v. Falconer, 2 Ala. 280 ; Donnell v. Jones, 13 Ala. 490 ; Borland v. Walker, 7 Ala. 269. It was not opinion merely, but something more.—Baldwin v. The State, 12 Missouri R. 238 ; Head v. Shaver, 9 Ala. 791. That the answer was relevant, see Hatchett v. Gibson, 13 Ala. R. 597. The opinion was called for without objection ; the failure to object when the cross interrogatories were filed, was a waiver of the objection ; the objection was too general, and was not urged. Milton v. Rowland, 11 Ala. 738.

3. The refusal of the court to allow the defendant to prove in what manner the warehouse of Thomas was built, that it was not burned, and the special efforts made to save it, was in direct conflict with the decision of this court when the case was here before.—Hatchett v. Gibson, 13 Ala. 598. The testimony of Darby, showing that Thomas' warehouse was fire-proof, was before the court when this evidence was rejected. The record now presents the exact state of facts on which this court held this identical evidence admissible. That decision is the law of this case, even if erroneous.

4. If the opinion of the witness Darby is admissible, to prove that Gibson " could see the open space in the wall," then his opinion is also admissible, to prove that, " if the open space had been built up, the house and cotton could have been saved."

5. It has already been decided, in this very case, that Hatchett's declarations to Bradford, as to his intention to make his warehouse fire-proof, were admissible.—Hatchett v. Gibson, 13 Ala. 599. We think it also allowable, as tending to show notice to Hatchett of the insecurity of his house, to prove what Bradford said to him.

6. It is admitted, that warehouse-men are only bound to use reasonable and common care; but it is insisted, that storing gunpowder in a cotton warehouse, is evidence of gross negligence.—Chenowith v. Dickinson, 8 B. Monroe 156; Story on Bailments, § 409, and authorities there cited.

JOHN T. MORGAN and MARTIN & BALDWIN, *contra* :

1. There was no error in allowing the witness to testify that the defendant could have seen the open space in the wall: this is not stating an opinion, but a fact. How else could this fact be proved?—Chenault v. Walker, 14 Ala. R, 134; Massey v. Walker, 10 *ib.* 290.

2. The latter part of the answer to the ninth interrogatory was not responsive to the question, and it was therefore properly rejected. A general objection may, it is true, be overruled, if a part of the answer is unobjectionable; but the objection may likewise be sustained.—Melton v. Troutman, 15 Ala. 537; Smith v. Zaner, 4 *ib.* 99; Elliott v. Pearsall, 1 Peters 328.

3. The witness, Thomas, who testified that his warehouse was fire-proof, was introduced after Williams, by whom defendant had offered to prove "in what manner Thomas' ware-house was built, that it was not burned, and the special efforts by which it was saved." This testimony, when it was offered, was irrelevant, and was, for that reason, properly ruled out. But, if this was erroneous, it was error without injury; for defendant afterwards proved by Thomas all that he had sought to prove by Williams.—Herbert v. Hanrick, 16 Ala. ; Parsons v. Boyd, 20 *ib.* 121; Dye v. Easley, 14 *ib.* 162; Bohannon v. Chapman, 17 *ib.* 696; Bradford v. Bush, 15 *ib.* 317.

4. The opinion of the witness, "that the house and cotton could have been saved, if the space in the wall had been built up," was properly excluded : the evidence was the mere opinion of the witness, in a matter in which he was not an expert.

5. The written statement of Bradford was properly excluded by the court. His testimony was different from what it was at the former trial; and, therefore, what the court then said of it, is not now the law of the case. Besides, the record shows that it was offered for an entirely different purpose from that for which the court then said it was admissible.—Walker v. Blassingame, 17 Ala. 812; Creagh v. Savage, 9 *ib.* 959.

6. There was no error in refusing the charge asked. What is ordinary care and diligence is a matter of fact, depending much upon where they are to be exercised; and there was no proof upon the point in this case.

GOLDTHWAITE, J.—An objection was taken in the court below to an inquiry made of a witness, as to whether the defendant could see an opening in the wall from the place where he was proved to have been standing. This objection was overruled, and the witness allowed to answer the question. It was through this aperture in the wall, that the fire which consumed the building entered; and the defendant offered to prove, by the opinion of a witness, that the house and cotton could have been saved, if this opening had been built up. This evidence was rejected. We shall consider the ruling of the court in relation to this testimony, except as to the relevancy of the first piece of evidence, as constituting but one question.

The general rule is conceded, that a witness must testify as to facts, and facts only; but to this rule there are several well established exceptions, and it is often extremely difficult to define the line which separates opinion from fact. Evidence as to personal identity,—the value of property, and hand-writing, must always, to a certain extent, be matter of opinion; and yet, in these cases, the witness is allowed to state his conclusions.—1 Greenl. Ev. § 440; so, also, as to time, and distance. The question propounded to the witness we regard, in substance, as simply whether an object was visible from a certain point, and are inclined to consider it as a matter of fact, rather than of opinion. There is no inference to be drawn—no circumstances to be weighed. It depends upon the exercise of a physical sense. But, if it were matter of opinion, we should hold it admissible, upon the principle which obtains in the other instances we have referred to.

It is obvious, however, that the testimony which was rejected, does not rest upon the same principle. The question as to whether the building could have been saved, if the opening referred to had been built up, does not depend upon the simple exercise of a physical sense: it requires the aid of the intellectual powers; there are, in that case, inferences to be drawn, and circumstances to be weighed, which it is peculiarly the pro-

vince of the jury to do. It is entirely matter of opinion, and there is no principle on which it can be excluded from the operation of the general rule of law.

As to the relevancy of the first question, we consider it as decided when the case was last here.—13 Ala. 589. Gibson, it is true, was under no obligation to ascertain whether the building was fire-proof; but it was competent for him, in the language of Collier, C. J., "by his acts, to assent to the storing of his cotton in a building of a different description from what the plaintiffs' contract contemplated;" and any testimony, however slight, which tended to establish this conclusion, was admissible. In this aspect, the evidence was relevant.

We think, also, there was no error in overruling the objection to the answer to the ninth interrogatory, the latter portion of which was objectionable, for the reason that it was not responsive. The inquiry is, "If the warehouse had been as good as that of the witness, could it have been saved by the use of ordinary diligence?" The reply is, "Had it been as good as mine, eight such men could have saved it, but Major Dick was one." We suppose the witness must have referred to the fact of the number of men engaged in saving his own warehouse on the night of the fire, or to those who were engaged in assisting Hatchett that night; and interpreting his answer by reference to these facts, it can only mean that, if Hatchett's warehouse had been equal to his own, it could have been saved by eight men, if Major Dick was one. Admitting, for the sake of argument, that any valid objection to the question had been waived, as is contended on the part of the plaintiff in error, we are still unable, upon the only rational interpretation we can put upon the portion of the answer to which we have referred, to perceive that it is responsive to the interrogatory. It assumes, that eight "such hands" as were engaged in rendering assistance, either to Hatchett or the witness, during the fire, could, by the use of ordinary diligence, have saved the warehouse, provided the particular individual to whom he refers by name had been one of them. This, by itself, and without further explanation, was no answer to the inquiry; and if admitted, without explanation, might serve to mislead the jury. It is true, that a portion only of the answer was, upon the grounds on which we have considered it, objectionable, while the objec-

tion went to the whole; and we have frequently held, that in such case it does not devolve upon the court to separate the legal from the illegal evidence, but that the whole may be admitted, (Murrah v. The Br. Bank, 20 Ala. 392, and cases there cited); and upon the same principle, where any portion is illegal, the whole may be excluded.

In relation to the offer made on the part of the defendant below, " to show in what manner the warehouse of Thomas was built,—that it was not burned, and the special efforts which were made to save it :" This evidence would have been proper, if it had been shown that the building of Thomas was fire-proof, and as much exposed to danger as Hatchett's warehouse.— Collier, C. J., in holding that this evidence was admissible, in the opinion we have already referred to, rests it upon the first ground; and we have looked into the record in that case, and find that both of these facts were in evidence. Indeed, it is obvious that, unless they were established, evidence showing the same facts, in relation to any other building, would have been equally relevant. To have rendered this evidence legally admissible, the facts upon which its relevancy depended should have been proved, or it should have been offered in connection with these. This was not done; and without it there was no error in rejecting the testimony.

So, also, as to the rejection of the declarations made by Hatchett to Bradford, in the fall of 1844, to the effect that he intended to make his warehouse fire-proof before he stopped working on it. It was held, it is true, when the case was last before this court, that these declarations were properly admissible, for the purpose of fortifying the inferences resulting from the advertisements and form of the receipts given by the plaintiff for cotton (13 Ala. 589); but in the present case, the record shows that they were not offered with that view, but for the purpose of showing " the continued intention of the plaintiff to make his warehouse fire-proof, and to rebut the idea that he had abandoned this intention ;" and conceding that the declarations may have tended to establish these facts, we are unable to perceive their relevancy to the issues. That Hatchett intended before, and in the fall of 1844, to make his warehouse fire-proof, certainly does not tend to show a contract on his part to store in a warehouse of that description, or to rebut any

testimony which had been offered to prove that this contract, if it existed, had been modified or changed by the parties.  But had it been offered for the identical purpose for which it was decided by this court to have been admissible, the error in its rejection would not have been available here, as the charge of the court was, that the contract to store in a fire-proof warehouse was established without the aid of such facts, and the evidence thus considered was redundant and superfluous, the exclusion of which, although erroneous, is not available, as no injury results from it.

There was no error in the refusal of the court to instruct the jury as requested; for the reason, that the charge asked asserts the proposition, that the want of ordinary care in a certain particular, will render the bailee responsible in all events.   Without deciding the question, whether the keeping of gunpowder in a cotton warehouse was a want of ordinary care in Hatchett, it is certain, that, if the destruction of the cotton was not connected with that act, but was owing to other causes, the bailee could not be held responsible on that ground.

It results from the views we have expressed, that there is no error in the record, and the judgment is affirmed.

CHILTON, C. J., not sitting.