LOUISVILLE, NEW ORLEANS & TEXAS R. R. CO. v. NATCHEZ, JACKSON & COLUMBUS R. R. CO.

1. RAILROADS.  *Damage by fire from locomotive.  Presumption of negligence.  Code 1880, § 1059.*

   Damage by fire communicated by a train is within the meaning of § 1059, code 1880, which provides that proof of injury inflicted by the running of locomotives or cars of a railroad company shall be *prima facie* evidence of want of reasonable skill and care on the part of the company.

2. SAME.  *Burden of proof.  Contributory negligence.  Instructions.*

   In a suit against a railroad company for damage by fire communicated by its running train, it is proper to refuse instructions which impose on plaintiff the burden of showing negligence on the part of defendant, and also that plaintiff himself was free from negligence.

3. EVIDENCE.  *Opinion.  Common knowledge.  Case in judgment.*

   Where the evidence tends to show that plaintiff's cotton on the platform and on flat cars at a station was burned by fire communicated by a passing train of the defendant, and the latter has introduced evidence to show unnecessary exposure by plaintiff of the cotton to danger,. it is not competent to introduce as evidence the opinion of a witness as to whether the cotton would have burned if loaded in box cars or covered with tarpaulins, this being a matter of common knowledge.

FROM the circuit court of Jefferson county.

HON. RALPH NORTH, Judge.

This is an action by the Natchez, Jackson & Columbus R. R. Co. for the use of the Phœnix Insurance Co. of New York to recover from the Louisville, New Orleans & Texas Ry. Co. the sum of $2805.60, the value of fifty-eight bales of cotton alleged to have been burned through the negligence of the last-named company, and which sum the said insurance company as insurers had been compelled to pay to the Natchez, Jackson & Columbus R. R. Co., the insured.

The record presents several questions arising upon the special pleas filed by the defendant, but the opinion of the court is limited to a consideration of the evidence and certain instructions. The evidence established that on November 21, 1887, the two railroad companies above mentioned were joint owners of the station-house

and platform at Harriston, where their railroads intersected, and that the said cotton was delivered by the L., N. O. & T. Ry. Co. to the N., J. & C. R. R. Co. to be transported to Natchez; that while the cotton was in the possession of the last-named company, at said station, some of it stored on its flat cars and some on the platform, it was burned.

The evidence for plaintiff, although in a large measure circumstantial, tended to prove that the fire originated from sparks escaping from the locomotive of the L., N. O. & T. Ry. Co., while negligently running its train by the station.

The defendant company introduced the employés of the train, which was supposed to have communicated the fire, all of whom testified that reasonable care and diligence were used in operating the engine, which was a new one and well supplied with equipments to prevent damage from sparks; that it was impossible for any train heavily loaded as in this case to pass without emitting sparks to some extent.

For the purpose of showing contributory negligence, defendant, after proving the situation of the cotton and its proximity to danger and its highly inflammable character, asked a witness whether the cotton would have been burned if it had been in box cars, or covered with tarpaulins. This question was objected to and the objection sustained, to which the defendant excepted.

The defendant asked the following instructions, which were refused :—

"3. Negligence is not to be presumed, but must be proved by the parties alleging in the manner pleaded, and the burden of proof is on the plaintiff to show that the defendant was entirely responsible for the injury complained of by reason of the defect pleaded, and although the jury may believe from the evidence that the cotton was set fire by sparks from the locomotive of the L., N. O. & T. Ry. Co., yet if the negligence of the N., J. & C. R. R. Co. contributed to the burning, plaintiff cannot recover, even though the negligence of the L., N. O. & T. Ry. Co. contributed thereto, but that all that is required of either party is the exercise of ordinary care and prudence to avoid the injury.

"4. In this action it is incumbent upon the plaintiff, not only to show that L., N. O. & T. Ry. Co. was guilty of negligence charged in the declaration, but it must also show that the N., J. & C. R. R. Co. was free from fault.    If, therefore, by the fault or negligence of the N., J. & C. R. R. Co., after the cotton was delivered to it, it was left in an exposed condition, when, by the exercise of ordinary care, prudence and diligence it could have been placed beyond, or protected from, danger of the fire from passing trains, then the failure to do so is contributory negligence, and the plaintiff cannot recover."

The court at the instance of the plaintiff granted the following instruction : " If the jury are satisfied from the evidence in the cause that the cotton mentioned in the declaration was destroyed by the act of defendant or its employés in the running of its locomotives, the law presumes that said loss was occasioned by the want of reasonable care of defendant, and unless such presumption is rebutted by evidence in the cause, then the jury should find for the plaintiff."

There was a verdict and judgment for plaintiff, for the amount sued for and interest, and the defendant appeals.

*W. P. & J. B. Harris,* for appellant.

As the declaration alleges, the insurance company became subrogated to the right of the N., J. & C. R. R. Co.; nothing more or less, and any defense that could have been made against that company suing in its own right, could be made against it suing for the use of the insurance company.    Sheldon on Subr., 1 ; 2 Rorer on Railroads, 810 ; 2 Wood on Fire Ins., 1080, *et seq.*

In such a suit the contributory negligence of the plaintiff would be a defense, and facts tending to show this were proper to be considered by the jury.    2 Rorer on Railroads, 791.    The peculiar circumstances of this case make it one in which the jury should have been allowed to pass upon the question of the plaintiff's negligence.    The evidence was not direct as to the origin of the fire, and the preponderance of the evidence is against the idea of negligence on the part of defendant.

A railway company being authorized to use steam is only held

to ordinary care against fires, and is not liable. for a purely accidental fire caused by sparks escaping from its engine. 2 Wood on Railway Law, 1343. If the engine is properly constructed, and provided with spark arresters, it is not negligence *per se* to use an excessive amount of steam whereby sparks escape. Such evidence may be competent, but is not conclusive. Ib., 1346 ; *McCormick* v. *R. R. Co.*, 41 Iowa, 193 ; 8 Hun, 599 ; Rorer on Railroads, 788, *et seq.*

It should have been submitted to the jury whether the plaintiff had taken reasonable precautions to protect the cotton, thus exposed in a bad condition for an indefinite time to a known danger. *Collins* v. *R. R. Co.*, 5 Hun, 502, s. c. 71 N. Y. 608 ; *Cook* v. *Transportation Co.*, 1 Denio, 100, and cases cited.

It is stated by Rorer that it is necessary not only to aver, but to prove ordinary care on the part of the plaintiff. Rorer on Railroads, 796, 806. The plaintiff was guilty of what is held in this state to be negligence *per se*, carrying cotton on flat cars. *Faler* v. *R. R. Co.*, 58 Miss. 911.

The 5th instruction for plaintiff, either alone or with the others, was erroneous. An instruction in the language of the statute, code 1880, § 1059, was condemned in *V. & M. R. R. Co.* v. *McGowan*, 62 Miss. 682, because it left out of view the question of contributory negligence on the part of the plaintiff.

But § 1059 of the code does not apply in cases of this sort. It applies only where the injury occurs from collision with persons and property produced by *the running of the trains*—such injuries as can arise only from trains in motion or "running." *R. R. Co.* v. *Trotter*, 60 Miss. 446.

*Martin & Lanneau*, for appellee.

It is not true that any evidence tending to show contributory negligence was excluded, and the assignment as to this is without fact to support it. The situation of the cotton, its condition and exposure to danger were all in evidence. The only evidence as to this that was excluded was the opinion of a witness as to whether the cotton would have burned if in flat cars or covered

with tarpaulins.   This mere opinion or conjecture was not competent.

We submit that the evidence warrants the finding that the fire occurred through defendant's negligence.   All the facts and circumstances were in evidence and the finding of the jury will not be disturbed.

The case of *Faler* v. *R. R. Co.*, 58 Miss. 911, relied on to establish that transporting cotton on flat cars is negligence *per se*, has no application here.   That was a case involving the question of the liability of a carrier as an insurer of cotton *in transitu* and under a special contract.

The 5th instruction was proper.   Section 1059 of the code applies in full force.   The language "running of its locomotives" is tantamount to the, "operation," "handling," or "management" of such locomotives.

Cooper, J., delivered the opinion of the court.

The appellant seeks a reversal of the judgment in this cause on three grounds : first, because the verdict is against the preponderance of the evidence ; second, because the court erred in excluding from the jury evidence offered by the defendant to show contributory negligence on the part of plaintiff, and refused instructions of defendant that the plaintiff could not recover if it was guilty of contributory negligence ; and, third, because the court erred in instructing the jury that if the injury was caused by fire communicated by the servants or agents of defendant in the running of its trains, the law presumed negligence and the burden of proving the exercise of care was on the defendant.

On the first point it is sufficient to say that the evidence supports the verdict.

The second assignment of error is not supported by the record. The defendant was permitted to prove the circumstances of the fire, the condition in which the cotton was at the time, its proximity to danger, and the manner in which it was loaded by the plaintiff company on flat cars without protection by tarpaulin or other covering.   The evidence to which objection was interposed and sustained

was the *opinion* of a witness sought to be put in evidence as to whether or not the cotton would have been burned if it had been loaded in a box car or covered by tarpaulins. The circumstances of the case were not such as to justify the introduction in evidence of the opinion of this witness. The jury were as capable of forming an opinion from the proved facts as this witness, and the evidence was properly excluded. Nor were instructions refused by which it was announced that the contributory negligence of the plaintiff would preclude recovery. The instructions asked by defendant and refused (the 3d and 4th), do not announce the principle that no recovery can be had if the plaintiff is guilty of contributory negligence. The proposition they declare is that the burden of proof is on the plaintiff, not only to show negligence on the part of defendant, but also to show that it (plaintiff) was free from negligence. This is not an accurate statement of the law, and the instructions were properly refused.

The remaining question is whether fire communicated by a train is an injury "inflicted by the running of the locomotive or cars" within the meaning of § 1059 of the code which declares that, "In all actions against railroad companies for damage done to persons or property, proof of injury inflicted by the running of the locomotives or cars of such company, shall be *prima facie* evidence of the want of reasonable skill and care on the part of such company, in reference to such injury."

We agree with counsel that the primary purpose of the law is to put upon the company the burden of establishing the fact of the exercise of skill and care in those cases in which by actual contact between the train and persons or property the injury is inflicted. But we are unable to limit the statute to such cases only. The reason of the statute was the known difficulty which usually attended plaintiffs in these actions in making proof of the circumstances under which the injury was inflicted by running trains. In the large number of cases it will be found that the injury springs from actual contact with the running trains, but we think the communication of fire from running trains (and it would be the same if the fire was originated in a train temporarily at rest), is an

instance in which the statute applies. Fires in locomotives are sources of danger against which it is the duty of the employés to guard by the exercise of care and prudence, and the escape of which in the shape of sparks the company itself must secure against by the use of known appliances and safeguards. Danger from this cause constantly attends the running of trains, and by the great number of such trains and the extent of country over which they are daily and hourly passing, the owners of property exposed to risk would in most cases be denied all hope of recovery if there rested upon them the burden of establishing by affirmative testimony the absence of reasonable skill and care by the servants of the company. We have been unable to find any other statute similar to ours except that of the state of Arkansas, and in that state it has been held to apply to cases of this character.

We find no error in the record and,

*The judgment is affirmed.*