J. M. Knight, Appellee, v. The Chicago, Rock
·Island & Pacific Railway Company,
Appellant.

1. **Railroads**: NEGLIGENCE : FIRE : EVIDENCE. In an action against
a railroad company to recover for the loss by fire of certain house-
hold goods situated in a house located four hundred and twenty-
one feet from defendant's right of way, after proof that, shortly
before the fire, one of defendant's engines had passed along its
road, that a pile of lumber on its right of way had been set on fire,
and that a hard wind was blowing at the time from the lumber
pile toward the plaintiff's house, the plaintiff introduced evi-
dence, against defendant's objection, that charred shingles after
the fire, and on the same day, were found a quarter of a mile
beyond plaintiff's house, and in the direction the wind was blow-
ing. *Held*, that the evidence was admissible as tending to show
the source of the fire whereby plaintiff's property was destroyed,
and that an instruction, asked by defendant, that from the facts
proven no inference could be drawn as to the source of the fire,
was rightly rejected.

2. ——— : INSTRUCTIONS : PRACTICE. The error of the trial court in
failing to write the word " given " upon the margin of instructions
asked, and given to the jury, is not available on appeal to a party
who took no exception to such omission in the court below.

3. ——— : ——— : PROOF OF NEGLIGENCE. The evidence showed
that large cinders of the size of a hickory nut were thrown from
the smokestack of defendant's engine, and that the spark-arrester
of such engine to permit the escape of such cinders must have
been out of repair. *Held*, that the evidence warranted the infer-
ence that defendant's 'employes, who operated the engine, had
knowledge that the spark-arrester was out of repair, and that
such knowledge would support a finding that the defendant was
negligent.

4. **Appeal**: RECORD : AMENDED ABSTRACT. Where on an appeal to
the supreme court, an amended abstract of the record is filed by
the appellee denying the correctness of the abstract filed by the
appellant, and alleging that such amended abstract with appel-
lant's abstract contain all the evidence, and the correctness of the
amended abstract is not denied, its statements will be taken as
true, and so much of the evidence contained in appellant's abstract
as is denied by the amended abstract of the appellee will not be
regarded as a part of the record.

5.  **Instructions.**  Where the rule embodied in an instruction asked by one of the parties to a cause is fairly presented in instructions given by the court, the refusal to give the same to the jury is not erroneous.

*Appeal from Mahaska District Court.*—HON. D. RYAN, Judge.

FRIDAY, OCTOBER 24, 1890.

ACTION to recover for personal property of plaintiff, burned by fire set out by an engine operated upon defendant's railroad.   There was a judgment on a verdict for plaintiff.   The defendant appeals.

*Seevers & Seevers*, for appellant.

*H. H. Sheriff* and *Bolton & McCoy*, for appellee.

BECK, J.—I.   The property destroyed was household furniture, in a house four hundred and twenty-one feet from defendant's right of way, which was burned.   The fire caught in the roof of the house.   The evidence shows that an engine drawing a train, shortly before the fire, had passed along the road, and that a pile of lumber, or timber, on the right of way, was set on fire, and that a hard wind was blowing towards the house from the timber and right of way.   Plaintiff's theory was that the fire was blown from the engine or burning timbers to the house.   It was necessary, in order to support this theory, to show that the wind blew with sufficient violence to carry the fire over the distance intervening between the house and the source of the fire.   To establish this fact evidence was admitted against defendant's objection, which is renewed in this court, to the effect that charred shingles after the fire, and on the same day, were found a quarter of a mile beyond the house in the direction the wind was blowing.   The evidence was clearly admissible, as plainly shown by the statement of facts just made.   It tends to show that

*(margin note: 1. RAILROADS: negligence: fire: evidence.)*

the fire was communicated to the house by the defendant's engine, or from the burning timbers on defendant's right of way. An instruction asked by defendant to the effect that from these facts no inference could be drawn as to the source of the fire was rightly rejected.

II. The court below failed to write the word "given" upon the margin of two instructions given to

2. ——: instructions: practice. the jury, as required by the statute. This omission is now made a ground of complaint by defendant. It is sufficient to say that no exception was taken to the omission, nor objection thereto made in the court below. It cannot be first made the ground of objection in this court.

III. The court below directed the jury that if defendant's employes knew that the spark-arrester attached to

3. ——: ——: proof of negligence. the smokestack of the engine was out of repair, they would be authorized to find defendant negligent in not keeping the engine in repair. This instruction, it is insisted by defendant's counsel, is to be regarded as the law of the case; and that there was an entire absence of evidence tending to show that the employes of defendant knew that the spark-arrester was out of repair. We cannot concur in counsel's position as to the evidence on this point. It was shown that from the engine large cinders the size of a hickory nut were thrown through the smokestack, and that the spark-arrester permitting such cinders to escape must have been out of repair. The jury could have inferred that defendant's employes who operated the engine observed the large cinders and sparks thrown out of the engine, and were thereby informed of the defective condition of the engine.

IV. The defendant's abstract contains a statement that it presents all the evidence in the case. It also

4. APPEAL: record: amended abstract. alleges that there was no evidence showing certain matters connected with the setting out and spread of the fire. Plaintiff files an additional abstract setting out parts of the evidence, which, with the evidence in defendant's abstract, it

alleges is all of the evidence in the case. It also contains a statement, denying that defendant's abstract contains all the evidence, and denying the allegation in defendant's abstract, that certain evidence mentioned therein was not given. This amended abstract is not denied. Its statements, therefore, must be taken as true, and we must hold that all of the evidence set out in defendant's abstract, and denied by plaintiff, is not before us. *Marsh v. Smith*, 73 Iowa, 295; *Sullivan Savings Institution v. Copeland*, 71 Iowa, 67; *Foley v. Hefferon*, 70 Iowa, 572; *Kent v. Coquillard*, 67 Iowa, 500; *Love v. Donaldson*, 63 Iowa, 631; *Kearney v. Ferguson*, 50 Iowa, 72.

V. An instruction was asked by defendant (the ninth) and refused, which is now made the ground of

5. INSTRUCTIONS

complaint. It was to the effect that the burden rested upon plaintiff, to show by his evidence that the property was burned by fire set out by defendant, which cannot be inferred from the fact that fire was set out on the right of way by defendant. The rule of this instruction is fairly presented in instructions given by the court. It was not necessary to repeat it.

These considerations lead us to the conclusion that the judgment of the district court ought to be AFFIRMED.