## H. A. DUER v. S. E. ALLEN & SON, *et al.*, Appellants.

**Negligence: EVIDENCE.** The issues being whether the negligence of a tenant had caused a creamery to be burned, it was proper to admit testimony that no water was kept in or watchman stationed about the building.

**EXPERT EVIDENCE.** It was right to exclude the testimony of an expert that the creamery "was conducted as an ordinarily prudent man in that business would conduct one," also testimony on part of defendant that "all the care of the building was taken that could be with reference to its taking fire."

**Practice.** When testimony is once in it must be attacked by motion to strike out and not by objection.

**Practice on Appeal.** Where an undenied abstract of appellee denies that certain documents were put in evidence, their admission can not be reviewed.

*Appeal from Wright District Court.*—HON. D. R. HINDMAN, Judge.

### FRIDAY, OCTOBER 18, 1895.

Plaintiff, in 1891, leased to the defendants a creamery building and certain personal property for the period of three years. The property was situated at Belmond, Iowa. In December, 1892, the property was burned; and this action is to recover therefor, on the ground of negligence in operating and caring for the boiler and engine therein. There was a judgment for the plaintiff, and the defendants appealed.—*Affirmed.*

*Ladd & Rogers* for appellants.

*Nagle & Nagle* for appellee.

Granger, J.—I. It is first urged that the verdict is not supported by the evidence. It is not questioned

but that there is a conflict, but its weight as to facts and probabilities is argued. The theory of the plaintiff is that the fire originated in the boiler room of the building by the escape of fire from the furnace on to some boards lying on the ground in front of the furnace. Some five or six witnesses testify to being at the building soon after the fire started, and to seeing the boards in front of the furnace on fire, and the partitions on fire, before there was fire in other parts of the building. It is true there is evidence in conflict with this, but nothing to show it absolutely incredible. It is a plain case of conflict, so as to make the finding of the jury conclusive upon us. The ruling in this respect is too well settled to require a citation of authorities.

II. One Reily was a witness for plaintiff, and testified to having seen a door in front of the furnace some two months before the fire. Two or three questions were asked, all directed to the same point, and answered. After each answer the objection was made and a ruling thereon had. The rulings are complained of, but we cannot consider them, for the reason that the objections followed the testimony or answer, and not the question. When testimony is in, the way to exclude it is by motion to strike it out, and not by objection. See *Blackmore v. Fairbanks*, 79 Iowa, 282 (44 N. W. Rep. 548); *State v. Day*, 60 Iowa, 100 (14 N. W. Rep. 132). It may also be said that the record, in view of both abstracts, does not show an exception to the rulings.

III. A witness was permitted to testify that no barrels or tanks of water were kept in the building as a protection against fire. It is thought to be error, for the reason that it does not appear that it was negli-

gence not to have them there or not to take such precautions. The jurors were the judges of what was and what was not negligence. It was proper to put before the jury the exact situation, and let them judge of what was and what was not negligence, in the light of all the facts. The same considerations control the admission of evidence as to keeping a watchman about the building. Whether necessary or not is a question of fact, and not of law.

IV. Defendants called as a witness one who was a "practical creamery man," and offered to prove by him that the creamery in question "was conducted in the same manner that an ordinarily prudent man in that business would conduct a creamery." The evidence was excluded, and properly so. The question of negligence or diligence in the matter of care or precautions against fire from a furnace, because of boards or other combustibles being near it, is not a question for expert evidence, but one for the jury, upon the particular facts of each case. The evidence, if admitted, would have permitted the witness to find the conclusion for the finding of which the jury was impaneled.

V. Some catalogues containing prices and cuts of creamery supplies were in court, and identified. Appellants' abstracts show that both the cuts and price lists were put in evidence, the latter against objection. Of the cuts no complaint is made. Appellee's abstract denies that the price lists were put in evidence, and this abstract is not denied in this particular, and its statements must be taken as true. *Knight v. Railway Co.*, 81 Iowa, 310 (46 N. W. Rep. 1112), and cases cited. The question cannot be considered with such a state of the record, but we may add that, with the proof adduced that

they were standard prices, the lists were properly in evidence.

VI.   One of the defendants was a witness, and offered to testify "that all care of the building was taken that could be with reference to its taking fire."   The offer was rightly excluded.   He should have stated what care was taken, and left it to the jury to say whether or not it was due care.

The record is without error to reverse the judgment, and it is *affirmed*.