CUMBERLAND TELEGRAPH & TELEPHONE CO. *v*. DOOLEY.

(*Nashville.* December Term, 1902.)

1. **EVIDENCE.** Of outcry giving warning of dangerous explosive stored in burning building is competent not to show fact, but the panic created thereby, when.

Where it is charged in the declaration, in an action to recover damages by fire resulting from the negligence of defendant in having stored in his building large quantities of dynamite, that the fire could have been extinguished before it reached the property of plaintiff by the force of men, with proper appliances, then present and working to that end, but for a public announcement that dynamite, in large quantities, was stored in defendant's building, followed immediately by a loud explosion which so alarmed the parties endeavoring to check the fire as to cause them to cease their efforts, it is *permissible to prove* that while defendant's building was in flames and just before the explosion, which broke in a solid brick wall between defendant's and plaintiff's building, two of defendant's employees cried out to the assembled crowd that there was *dynamite in the building*, and warned the people away. This testimony was competent, independent of the doctrine of agency, not to show as a substantive fact that there was dynamite in the building, but as proof of one of two incidents alleged to have caused a panic among those endeavoring to extinguish the fire and occasioned their immediate dispersion and abandonment of their efforts, provided the trial judge limits the scope of the evidence to this point. (*Post, pp.* 107-108.)

Cumberland Tel. Co. v. Dooley.

2.  **SAME.  Conjectural opinions of nonexpert witnesses aer in admissible.**

The admission of the opinion testimony of nonexpert witnesses, that they could have stopped and controlled a fire at the time of an explosion, had it not occurred, constitutes reversible error. Every fact constituting an element in the opinion of such witnesses was capable of being presented to the jury, and the admission of such opinions is unwarranted intrusions upon the province of the jury dogmatically settling an issue they were called on to try, and of which they are to form their opinion and judgment from the facts.  (*Post, pp.* 108-111.)

Cases cited and approved:  Bruce v. Beall, 99 Tenn., 303; Otis v. Thorn, 23 Ala., 469; Railroad v. Edmonds, 41 Ala., 667; Tuttle v. City of Lawrence, 119 Mass., 276; Duer v. Allen, 96 Iowa, 36; Pulsifer v. Berry, 87 Me., 405; Gibson v. Hatchett, 24 Ala., 201; Darling v. Thompson, 108 Mich., 215; Railroad v. Natchez, 67 Miss., 399.

3.  **SAME.  Opinion testimony of nonexpert witnesses is admissible in what cases.**

The opinion testimony of nonexpert witnesses is admissible from necessity in cases where the facts from which the conclusion of the witness is drawn, are of a character so latent or impalpable that it is impossible to present them in a tangible or intelligent form to the jury, for otherwise, their consideration would be lost altogether.  Within this class of cases may be found those of identity, resemblance, apparent condition of the body or mind, intoxication, sickness, duration, dimension and velocity, and such like.  (*Post, pp.* 109-110.)

4.  **SAME.  Opinion testimony of expert witness is admissible when.**

The opinion testimony of expert witness is admissible on questions of science or trade, where skill or experience are the essential elements of knowledge.  (*Post, p.* 109.)

5. **DAMAGES.** Measure of, in actions by insured for use of insurer against one negligently or wrongfully causing the fire. In an action by the insured for the use of the insurer, against the one whose negligence or wrong caused the damages by fire, to recover the loss incurred, and paid to the insured by the insurer, the true measure of damages in the event of a recovery is the damage resulting to the insured from the fire on the insured property, not, however, exceeding the amount paid him on the loss by the insurer. (*Post, pp.* 111-112.)

6. **CHARGE OF COURT.** Calculated to mislead, but not doing so is not reversible error. The charge of the trial judge, though calculated to mislead the jury, but as a matter of fact evidently not doing so, does not of itself constitute a reversible error. (*Post, p.* 112.)

---

FROM WILSON.

---

Appeal in error from the Circuit Court of Wilson County.—W. C. HOUSTON, Judge.

W. L. GRANBERY, CANTRELL & MCMILLAN, MCCLAIN & MCCLAIN, and A. A. ADAMS, for Cumberland Telegraph & Telephone Company.

E. E. BEARD, N. G. ROBERTSON and J. C. SANDERS, for Dooley.

---

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

This suit was brought by the defendant in error, Dooley, for the use of certain insurance companies, to recover the amounts paid to him by these companies for losses sustained in a fire which occurred in January, 1901, to property covered by their policies; the insistence being that the losses resulted from the negligence of the plaintiff in error.

The theory of the defendant in error is that the fire, originating in another building, was finally communicated to the one occupied by the Cumberland Telegraph & Telephone Company, and that there was a sufficient force of men, with all proper appliances, to have confined and extinguished the fire before it reached the property of the defendant in error, which was the second house removed from that of this company, had it not been for the public announcement that the company had stored in its building a large quantity of dynamite, followed immediately by its explosion, which so alarmed the parties engaged in endeavoring to check the fire as to cause them to cease their effort; and, further, that the force of the explosion was sufficiently violent to break a solid brick wall separating the telephone building from the one adjoining, thus making easy communication to the latter, which was destroyed, at the same time inflicting serious injury upon the building of the defendant in error and the stock of merchandise contained therein.

The trial resulted in a veridct and judgment for the plaintiff below.   An appeal in the nature of a writ of

error has been prosecuted to this court by the telephone and telegraph company.

Several assignments of error are made. First, it is insisted the trial court was in error in permitting certain witnesses to testify that while the telephone building was in flames one of the employees escaping therefrom a little while before an explosion took place cried out to the assembled crowd that there was dynamite in the building, and warned the people to get away; and also that another employee on the outside of the crowd gave a similar alarm.

We think, independent of and without regard to the doctrine of agency, this testimony was competent; not to show as a substantive fact that there was dynamite in the building, but as one of the two incidents which it is averred in the declaration produced a panic among the parties endeavoring to extinguish the fire, and occasioned their immediate dispersion and abandonment of further effort. The circuit judge expressly limited the evidence to this point, and, with this limitation as to its scope, there was no error in its admission.

Next it is assigned for error that the trial judge permitted the following questions to be put to and answered by the witnesses Hatcher and McMinoway. Each of these witnesses was asked, "Could you or not, with the apparatus there at hand, have stopped and controlled the fire at the time of the explosion, had it not occurred?" to which each witness replied, "Yes, sir." These parties were at the time of the expolsion handling

a hose attached to hydrant, and unwinding it from a reel, were preparing to throw a stream of water upon the telephone building, which was then on fire. Upon the explosion, however, they abandoned their apparatus, and retreated to a place of safety.

Hatcher and McMinoway were not introduced as experts. There is no claim that they qualified as such. Nor is there any indication that they had opportunities which were not open to, or that they were possessed of facts not equally within the knowledge of, every other spectator of this fire. The handling of the hose as volunteers certainly did not qualify them in any superior degree to determine the effect of the effort which they were about to make to extinguish the fire when driven to retreat by the explosion. If they were entitled to express an opinion in this regard, we see no reason why it would not have been equally competent for any number of persons, who may have been watching their effort and its abandonment, to have done the same thing. We thus would have had witnesses with mere conjectural or speculative opinions dogmatically settling an issue the jury were called on to try. This can not be done. *Bruce v. Beall,* 99 Tenn., 303, 41 S. W., 445.

On questions of science or trade, where skill and experience are the essential elements of knowledge, expert witnesses are permitted to give opinions. Outside the area of expert testimony there are many cases where, from their very nature, nonexpert witnesses are permitted to express an opinion. The admissibility of such

testimony rests on the ground of necessity. The facts from which the conclusion of the witness is drawn are of so latent or impalpable a character that it is impossible to present them in a tangible or intelligible form to the jury. This being so, necessarily they must be given by the witness as conclusions reached by or impressions made upon him, or they will be lost altogether to consideration. Within this class of cases may be found those of identity, resemblance, apparent condition of the body or mind, intoxication, sickness, duration, distance, dimension, and velocity, and others mentioned by the text-writers. Wharton on Ev., sec. 512; 1 Greenl. on Ev., sec. 440.

While it is true the line between nonexpert opinion which is competent and that which is incompetent is not well defined, we can see no reason why the present case should be placed in the class where such testimony has been adjudged competent. Every fact constituting an element in the opinion of those witnesses was capable of being presented to the jury. The condition of the fire, the amount of pressure upon the water, the capacity of the hose to receive water, and the size of the stream which it would discharge, the effect of such a stream on a burning house, the ability and willingness of these parties to serve the hose, the character of the night at the time—whether windy or not—and the actual result of the explosion in the dispersion of the crowd, might have been presented to the jury, so that they, equally with these witnesses, could have formed an intelligent opin-

ion upon the issue they were sworn to try. Many authorities supporting this view might be cited, but we content ourselves with referring to *Otis* v. *Thorn,* 23 Ala., 469, 58 Am. Dec., 303; *Montgomery W. P. R. R. Co.* v. *Edmonds,* 41 Ala., 667; *Tuttle* v. *City of Lawrence,* 119 Mass., 276; *Duer* v. *Allen,* 96 Iowa, 36, 64 N. W., 682; *Pulsifer* v. *Berry,* 87 Me., 405, 32 Atl., 986; *Gibson* v. *Hatchett,* 24 Ala., 201; *Darling* v. *Thompson,* 108 Mich., 215, 65 N. W., 754; *L., N. O. & T. Ry. Co.* v. *Natchez,* 67 Miss., 399, 7 South.; 350.

In *Gibson* v. *Hatchett,* supra, a building having been consumed by fire which entered through an aperture in one of the walls, it was held improper for a witness to state the house might have been saved if the aperture had been closed, and in *Louisville, N. O. & T. Ry. Co.* v. *Natchez,* supra, an action for burning cotton by sparks from an engine of the railway company, where the cotton was loaded in flat cars, without covering, the opinion of a witness as to whether or not it would have been burned had it been loaded in box cars, or covered, was ruled to be incompetent. We think, on principle, as well as authority, the opinion testimony in this case constituted reversible error.

Again, it was assigned as error that the trial judge improperly instructed the jury as to the measure of damages in the event they should find for the plaintiff below. His charge on this point was in these words: "If you find for the plaintiff, you will say  .  .  .  how much he should receive. In that event you will look to

the proof, and determine the amount that the insurance companies paid for the injury he had actually done to his property by the fire as alleged."

We think this charge was calculated to mislead the jury. As a matter of fact, it evidently did not do so, and would not, therefore, constitute of itself reversible error. But as there must be a retrial of this case on this point, it is proper to say that the true measure of damages in the event of a recovery by the plaintiff below is the damage resulting to him from the fire on his building and stock, not, however, to exceed the amount paid him on this loss by the insurance companies.

The judgment below is reversed, and the case is remanded for a new trial.