BURKHART v. BALL.

1. **Practice in Supreme Court:** ABSTRACT NOT DENIED TAKEN AS TRUE. When the appellee files an additional abstract, which is not controverted by the appellant, such additional abstract will be deemed correct, and taken as true, unless the appellant files a paper expressly notifying the court that there is a controversy requiring determination. But this rule is not to be understood as applicable to a case where the appellant's abstract states that it is an abstract of all the evidence, and appellee's abstract denies the truth of such statement.

*Appeal from Jefferson Circuit Court.*

FRIDAY, OCTOBER 20.

ACTION AT LAW. There was a verdict and judgment for defendant; plaintiff appeals.

*Wilson & Rutherford,* for appellant.

*Leggit & McKinny,* for appellee.

BECK, J.—The petition alleges that plaintiff purchased of defendant a farm, paying therefor $40 per acre; that defendant represented that the farm contained 160 acres; that plaintiff, relying upon such representations, paid defendant $6,400 for the farm, and that defendant's representations as to the quantity of the land were false and fraudulent; the farm contained $154 \frac{39}{100}$ acres and no more, which was well known to defendant. The petition seeks to recover $224, being the value of $5\frac{61}{100}$ acres, the difference in the quantity of land as represented by defendant, and the quantity the farm actually contained. The answer of defendant denied all the allegations of the petition. The plaintiff filed an abstract purporting to contain the pleadings in the case, and a bill of exceptions showing the evidence offered and admitted at the trial, the instruction given to the jury, interrogatories submitted to the jury for special findings, and a motion for a new trial, and

the rulings thereon.   The defendant filed, in this case, an additional abstract as provided for by rule twenty, showing that plaintiff's abstract is untrue, and that in fact no bill of exceptions was filed preserving and certifying the evidence, and other proceedings alleged in plaintiffs abstract to be set out in a bill of exceptions, and that no such records exist in the court below or are contained in the transcript filed in this court.

The plaintiff does not deny defendant's additional abstract. It must therefore be taken as true.   Unless an additional or amended abstract be denied, we will regard it as presenting the record correctly, and will not resort to the transcript to verify its correctness.   *Kearney v. Ferguson*, 50 Iowa, 72; *Lucas v. Jones*, 44 Iowa, 298.

The case as presented by the additional abstract contains nothing but the pleadings filed in the court below.   The rulings assailed by the assignment of errors are not before us and cannot be reviewed.   The judgment of the Circuit Court must be.

AFFIRMED.

### ON REHEARING.

ADAMS, J.—Where the additional abstract of the appellee merely presents additional matter, and does not otherwise controvert the correctness of the appellant's abstract, it is evident that we should be justified in assuming that the appellee's abstract is correct.   But it is insisted that, where it seeks to eliminate something from the appellant's abstract, it is not to be taken as correct and should have no effect except to send us to the transcript to ascertain what the true record is.   The argument is, that the appellee's abstract in such case is in effect a mere denial, and so it ought to be considered that there is an issue, and there being such, the court must resort to the transcript.

Rule twenty, under which the appellee is allowed to file an additional abstract, does not expressly provide what force

shall be given it when filed; but it has seemed to us that it should not primarily be regarded as raising an issue to be determined.

There is no good reason in any case why the appellant's abstract should not be a fair presentation of the case. If it is not such we must pesume that it is by reason of oversight or mistake. If the appellee files an additional abstract we must, we think, be allowed to presume in the outset that it is to correct an oversight or mistake. Neither party has anything to gain by a false presentation of the record, because it is within the power of either party to cause the true record to be shown. The rule, then, should be construed so far as it can properly be done, to facilitate the convenience of the parties and the court.

If we should assume, whenever the appellee files an additional abstract which has the effect to controvert some part of the appellant's abstract, that an issue is raised to be determined, we should often put ourselves to the labor of calling for and examining the transcript, when there was no controversy in fact. We have thought, therefore, that we ought to assume that the appellee's additional abstract is correct, and that there is no controversy unless the appellant files a paper expressly notifying us that there is a controversy, and an issue raised for our determination. If the appellant denies the appellee's abstract we should deem ourselves thus notified.

We do not wish to be understood as holding that where the appellant's abstract states that it is an abstract of all the evidence, and the appellee's abstract denies the truth of such statement, we would assume that the statement is untrue.

Upon the question presented in the case at bar we see no reason to depart from the rulings heretofore made. The former opinion is accordingly adhered to, and the judgment is

AFFIRMED.