COLE v. COSKERY, ADMINISTRATOR.

1. **Practice in Supreme Court:** FINDING OF TRIAL COURT: EVIDENCE TO SUPPORT. The finding of a court in allowing a claim against an administrator will, like the verdict of a jury, be sustained on appeal, when the evidence is conflicting.

2. ———: ABSTRACT NOT DENIED TAKEN AS TRUE. The allegations of appellant's abstract, when not denied in an additional abstract filed by appellee, must be taken as true.

*Appeal from Polk Circuit Court.*

FRIDAY, APRIL 25.

ACTION upon an account for legal services alleged to have been rendered for the defendant's intestate, Samuel Coskery,

deceased.  The amount claimed is $225.  The court allowed $20, with some interest thereon.  The plaintiff appeals.

*C. C. Cole*, for himself, appellant.

*Gatch & Weaver* and *Coskery & Coskery*, for appellee.

ADAMS, J.—There is very little if any doubt, we think, in regard to the rendition of the services.  Some of them, it is

1. PRACTICE in supreme court: finding of trial court: evidence to support.

true, appear to have been rendered for the firm of Coskery & Forbes, of which the intestate was a member, but that firm was dissolved, and the intestate took the accounts and assumed its liabilities.  During the time that the services were rendered, the plaintiff became indebted to Coskery & Forbes for insurance.  That firm, too, as we understand the evidence, at one time held the promissory note of the plaintiff for $150, and that note was surrendered to the plaintiff in consideration of legal services performed by him.  Whether these services were performed for the firm, or for the intestate alone, and whether the note at the time of the surrender was regarded as belonging to the firm, or to the intestate alone, the evidence does not clearly show.  Neither the books of the plaintiff nor of Coskery & Forbes seem to have been kept in such a way as to show clearly the state of account between the parties, and the whole matter fell into some confusion.  The testimony of several witnesses has been taken, but the evidence is very unsatisfactory.  Some of the members of the court are inclined to think that the plaintiff should have been allowed more than he was, but we cannot disturb the judgment, if there was any evidence to support it; and we think that there was.  We need not set out the evidence upon which the defendant relies.  It is sufficient to say that the services were rendered with the understanding that the account of Coskery & Forbes against the plaintiff was to be applied on the plaintiff's account against them.  A portion of their account was certainly applied in payment of the

plaintiff's services, rendered either for them or Coskery. At the time Coskery & Forbes dissolved there was still something due them from the plaintiff. One Holmes presented the account to the plaintiff and requested payment. He testifies as follows: "When the claim was presented, Judge Cole promised to pay, but I don't remember the terms he used. I think that I remember that he said that on or about such a time he would have some money and would settle up." He also testified: "My recollection is that nothing was said about his claim against the firm or against Coskery until after Coskery's death."

If the plaintiff's account for services had not been paid, and was as large as the plaintff claimed in his petition, it was nearly as large as, if not larger than, the account against him. We think that the evidence tended to show that the plaintiff supposed at that time that his account had been paid; and while, of course, the evidence is far from being conclusive, it was properly admitted as having some weight, and the finding must be allowed to stand.

The plaintiff assigns as error the exclusion of certain evidence. But the appellee's abstract shows that no exception

2. ——: abstract not denied taken as true.

was taken. The appellant has not contradicted the appellee's abstract, and, without going to the transcript, we assume it to be correct. *Burkhart v. Ball,* 59 Iowa 629; *Richardson v. Hoyt,* 60 Id., 68.

AFFIRMED.