| 63 | 631 |
| 81 | 313 |
| 63 | 631 |
| 97 | 598 |

## LOVE v. DONALDSON ET AL.

1. **Practice in Supreme Court:** IDENTIFICATION OF EVIDENCE: ABSTRACT NOT DENIED BY ADDITIONAL ABSTRACT TAKEN AS TRUE. Where appellant's abstract made mention only of documentary evidence, which was set out therein, but it was not alleged that that was all of the evidence, and the appellees filed an amended abstract setting out certain omitted evidence, but alleging that both abstracts failed to present all the evidence, and alleging, further, that the evidence was not preserved by any bill of exceptions, nor certified by the trial judge, *held* that this amended abstract, not being denied by any abstract filed by appellant, must be taken as true, and the evidence stricken out on motion of appellees, and the judgment below affirmed.

*Appeal from Fremont District Court.*

THURSDAY, JUNE 5.

THE facts are sufficiently stated in the opinion.

*Stockton & Keenan* and *W. P. Ferguson*, for appellants.

*Draper & Thornell*, for appellee.

SEEVERS, J.—The plaintiff and defendants are the owners

of certain adjoining lands, the boundary line between which was in dispute. The plaintiff commenced this action for the purpose of having the true location of. said line determined and established, and he asked the court to appoint a surveyor to locate and establish it. The appellants appeared and filed an answer. · The court·appointed a commissioner to make the survey. He did so, and made a report of his doings, and the line established by him was approved by the court, and certain objections made thereto by the appellants were overruled.

A motion has been filed by the appellee to strike out the evidence, because it has not been certified to in any form or manner by the trial judge, and it is further objected that it does not appear that all the evidence is before us. The abstract states that after the report of the commissioner was filed the appellants filed certain objections thereto, which are set out at length, and then proceeds as follows: "In support of their objections to the report and findings of said commissioner, defendants offered the following documentary evidence." Afterward the plaintiff filed a motion to confirm said report, and the abstract states that, in support of his motion, the plaintiff filed the "following affidavit." It is not stated in the abstract that all the evidence is contained therein, unless it can be said that the statements above set out amount to that.

It is quite apparent, we think, that this is not so, and it has been so ruled repeatedly. Indeed, the practice in this respect is so well settled that it is deemed unnecessary to cite the several cases establishing it. It is true, the appellee has filed an amended abstract setting out certain omitted evidence, but it is stated in the amended abstract that the evidence set out in both abstracts is not all that was introduced. This does not prevent the appellee from objecting that it does not appear that all the evidence is before the court. The practice in this respect has been settled by more than one decision of this court. The amended abstract states that certain specified evidence that was before the district court is not set out in the abstract. This is conceded· by appellants' counsel, but

it is said that this evidence was rejected by the court, and was immaterial. But, as the amended abstract is not denied, except in the argument of appellants' counsel, it must be deemed correct.

It is, therefore, quite apparent that we cannot determine this case on the merits, because it does not affirmatively appear that all the evidence is before us. Besides this, the amended abstract states that "the evidence introduced on the trial was not preserved by bill of exceptions, no bill of exceptions ever having been signed or filed in the case." It is further stated that all the evidence was not made a matter of record, and that the trial judge did not certify the evidence. This abstract is not denied by any abstract filed by the appellants. The motion must be sustained, and the evidence stricken from the record, because it has not been properly identified.

AFFIRMED.