## THE CARSON AND RAND LUMBER COMPANY v. THE KNAPP, STOUT & CO. COMPANY.

1. **Former Adjudication**: APPEARANCE ONLY FOR LEAVE TO INTERVENE. Where, in an action brought by defendant, plaintiff, by its attorney, appeared and obtained leave to file an interplea, which, however, it never did, *held* that plaintiff did not by such appearance become a party to the action, so as to be bound by the judgment rendered therein.

2. **Appeal**: EVIDENCE: ADDITIONAL ABSTRACT NOT DENIED. Where appellee presents an additional abstract with testimony, but with the statement that both abstracts do not contain all the evidence, and it is not denied, it must be taken as a true statement of the record, and questions as to the sufficiency of the evidence to support the judgment cannot be considered.

*Appeal from Keokuk Superior Court.*—HON. HENRY BANK, JR., Judge.

FILED, MAY 14, 1890.

THE plaintiff and defendant are both corporations doing business in Lee county, Iowa. Both were creditors of Swiggett Bros., a firm doing business at Bosworth, Carroll county, Missouri. It coming to the knowledge of the parties that Swiggett Bros. were about to dispose of their property, each promptly dispatched its agent to collect or secure its claim. The defendant's agent, one

L. J. Ripley, came to the place of business of Swiggett Bros. about eleven o'clock A. M., December 11. One member of the firm, George R. Swiggett, was present, the other member, J. M. Swiggett, being absent. Ripley urged the payment or security of his claim. George R. Swiggett wished to defer payment until his brother should arrive, the next day, which Ripley declined to do, and, through the agency of a justice of the peace, a man was appointed, who took possession of the firm's property for defendant by taking the key of the building. At noon, the same day, J. M. Swiggett, with Messrs. Humes and Davis, representing the plaintiff, arrived. The plaintiff demanded security, and thereafter Swiggett Bros., through J. M. Swiggett, made to plaintiff a mortgage on the property already taken possession of in the interest of the defendant. Plaintiff obtained possession of the property by means of a key in the possession of J. M. Swiggett, and the mortgage was duly recorded. On the next day the defendant seized the property by virtue of an attachment issued in a suit by the defendant against Swiggett Bros., and, as shown by the allegations of the petition, converted it to its use; and this suit is to recover the value of the property taken, to the extent of plaintiff's lien thereon, by virtue of its mortgage. The superior court gave judgment for the plaintiff, and the defendant appeals.

*Craig, McCrary & Craig*, for appellant.

*James C. Davis*, for appellee.

GRANGER, J.—I. A division of the answer sets up the facts as to the attachment suit of defendant (in this suit) against Swiggett Bros. in the circuit court of Carroll county, Missouri, and that the plaintiff herein "took leave to file its interplea in said court and cause, and did become subject to the jurisdiction of said court, and did elect thereby to prosecute its rights in said proceeding;" and alleges that the plaintiff is now estopped to prosecute the suit. To such allegations there was a

1. FORMER adjudication: appearance only for leave to intervene.

denial. The allegations must be taken as sufficient for the purpose for which they are pleaded, although counsel seem to take a different view, and discuss in their briefs the sufficiency of the facts as a defense. After reply, the sufficiency of facts pleaded as a defense do not properly arise. We look then only to the facts.

Looking to the facts, we do not think the allegations of the answer are supported. The facts in the testimony are without dispute. The proceedings in the Missouri circuit court were originally between the Knapp, Stout & Co. Company and Swiggett Bros., and the property was before the court by attachment. The facts relied upon to give the Missouri court jurisdiction of the person of the plaintiff herein is, that leave was given in that court for it "to appear and file interplea." It did not appear and file the interplea. This leave was entered when an attorney for plaintiff seems to have been in court, and made a request for such leave. Such an appearance would not give the court jurisdiction of the person in the absence of a further appearance. The plaintiff was not in court in the sense of being a party therein, but merely sought the right to become one. In the absence of an interplea, what judgment could the court have entered against the plaintiff? None whatever. The very language of the leave given was for it to "appear and file interplea," indicating that there was then no legal appearance. The language of the order was not to require a plea to be filed, but to enable plaintiff to do so at its election. It never filed it, and never was a party to the proceeding. There was nothing in the proceeding of the Missouri court to defeat the jurisdiction of the superior court.

II. The other questions in the case pertain to the validity of plaintiff's mortgage, and the rightfulness of the defendant's possession of the property before the mortgage was made. Both depend upon facts to be known only from a consideration of the testimony. The superior court must have found the facts against the defendant, and,

2. APPEAL: evidence: additional abstract not denied.

as the action is at law, its finding must conclude us. But further, under the state of the record, the testimony is not before us. Appellee presents an additional abstract with testimony, but with the statement that both abstracts do not contain all the evidence. This is not denied by appellant, and, under repeated rulings, it must be taken as a true statement of the record. The point ruled in the first division of the opinion might have been disposed of in like manner, and should have been, but for the fact that the agreements seemed to treat the point as controlled by the particular facts presented; and, as the result is the same, no prejudice can arise from its consideration upon the evidence before us. The judgment of the superior court is

AFFIRMED.