| 83 | 423 |
| 96 | 102 |
| 83 | 423 |
| 102 | 311 |

SAMUEL LOOKABILL, Appellee, v. FOULKS BROS. & CO., Appellants.

Practice in Supreme Court: APPEAL: DISPUTE AS TO RECORD: ORIGINAL PAPERS: TRANSCRIPT. Where upon an appeal to the supreme court the appellee files an additional abstract denying the taking of an appeal in such cause, and contending that the evidence therein was not preserved by a bill of exceptions, and for that reason moves to strike the evidence contained in the appellants' abstract from the record; and the appellant in a printed paper filed denies the alleged grounds of such motion, and denies the averments of the additional abstract, the issue thus presented can only be determined by a transcript of the record, and the requirement for a transcript is not satisfied by filing in the supreme court certified copies of the original papers comprising the record in the district court.

*Appeal from Mills District Court.*—HON. GEORGE CARSON, Judge.

WEDNESDAY, OCTOBER 14, 1891.

ACTION at law to recover the possession of specific personal property. There was a trial by jury, and a verdict and judgment in favor of the plaintiff.—*Dismissed.*

*W. S. Lewis* and *Shirley Gilliland*, for appellants.

*L. T. Genung* and *P. P. Kelley*, for appellee.

ROBINSON, J.—The abstract filed by the defendant shows that issue was joined and a trial had upon the merits of the case; that evidence was introduced, a charge given to the jury, a verdict returned for the alleged value of the property in controversy, and a judgment for such value rendered in favor of the plaintiff. It also alleges that a notice of appeal was duly served on the attorneys for the plaintiff and the clerk of the district court. The plaintiff appeared in this court, and filed an additional abstract, in which he denies that the case entitled in the abstract was ever tried; denies that the plaintiff was ever a party to such an action; and denies all the averments of the abstract. The plaintiff admits that he was a party plaintiff in an action in the district court of Mills county, in which Foulks Bros. & Co., John. R. Foulks and Wilbur Foulks were parties defendant, but alleges that in that case the evidence was not preserved, and none of it is set out in the abstract of the defendants, and that the plaintiff cannot set out the evidence in that case, for the reason that it was not preserved. The plaintiff denies that any notice of appeal was ever served in the case last mentioned. The plaintiff has filed a motion to strike from the defendants' abstract the evidence therein contained, on various grounds, of which the material one is that it was never preserved and made of record, as required by law. The defendants, in a

printed paper filed in resistance of the motion to strike, deny the alleged grounds of the motion, and deny the averments of the additional abstract. No other denial is on file, but, treating that as sufficient to raise an issue, the controversy thus presented can only be determined by a transcript of the record. Rules of Practice of the Supreme Court, sec. 12. The defendants have caused to be certified to this court the original charge to the jury,.motion for a new trial, skeleton bill of exceptions, translation of short-hand reporter's notes of evidence, and notice of appeal; but the only transcript we find is one of the ruling on the motion for a new trial and judgment. It was held in *Cox v. Macy*, 76 Iowa, 316, that this court cannot recognize the original papers as a substitute for the transcript, for the purpose of determining a controversy as to the ·contents of the record. Under the rule of that case, the plaintiff has not only failed to show that the ,abstract contains the evidence submitted in the district court, but has failed to show that an appeal has been .taken. The case is, therefore, DISMISSED.