85  377
97  598
98  651
100  642
85  377
102  311

SENA A. CHAPIN, Appellee, v. L. P. GARRETSON,
Appellant.

1. **Practice in Supreme Court:** RECORD.   Where by an amendment
to the appellant's abstract an appellee denies that the record presented
by said abstract is sufficient to present the appeal in such cause, but
does not undertake to correct the mistakes nor supply the defects in
said abstract, and nothing further is presented by the appellant in
support of the record made, nor to supply its defects, if any, his
appeal will be dismissed.

2. **Replevin:** CHATTEL MORTGAGE: COUNTER-CLAIM.   In an action of
replevin brought by a mortgagee for the recovery of mortgaged chattels,
a counter-claim for the return of property not covered by the mort-
gage, or for judgment for the value thereof, is not allowable under
section 3226 of the Code, providing that in such action no counter-
claim shall be allowed.

3. **Chattel Mortgage:** DESCRIPTION OF PROPERTY: CONSTRUCTION.
A chattel mortgage conveying the "general stock of millinery goods,
stock of ladies' notions, consisting of hats," etc., enumerating
numerous articles, and concluding, "and all other goods now on
hand, or to be purchased and used, in the business of a general
millinery store," *held*, to cover only such "ladies' notions" as were
enumerated immediately following those words, and such millinery
goods as might be on hand for sale, or might be purchased for sale,
or made up and kept for sale.

4. ————: REPLEVIN: CONVERSION.   While the defendant in an action of
replevin cannot recover in such action the value of goods wrongfully
seized under such writ, the question whether such goods were taken
is properly triable in such action for the purpose of determining the
plaintiff's right to the possession thereof.

*Cross Appeals from Polk District Court.*—HON. W. F.
CONRAD, Judge.

FRIDAY, MAY 20, 1892.

On August 6, 1889, the plaintiff filed her petition
to recover possession of certain chattel property des-
cribed, claiming the same by virtue of a chattel mort-
gage executed to the plaintiff by the defendant to

secure a promissory note for one hundred and forty-two dollars and sixty cents, then overdue, and for damages. The plaintiff alleged that demand had been made on the defendant for possession of the property, and possession refused. The defendant answered, denying demand before the bringing of this suit, and alleging that the only consideration for the note was one hundred dollars, five dollars of which the defendant had paid, and that the rest of said note was for usury; that under the writ of replevin herein, the plaintiff wrongfully took possession of and has converted to her own use goods and merchandise enumerated in Exhibit A, which were not included in the mortgage, of the value of ————————— dollars. "The defendant asks judgment and order of the court for the return of said goods and merchandise specified in said Exhibit A, or judgment for their value, unless the same are returned; and, after allowing thereon the balance justly due on said note, asks judgment for the return of all of said mortgaged goods, or their value, in the sum of seven hundred and fifty dollars and costs." The plaintiff moved to strike all that part of the answer asking judgment for the return of the goods enumerated in the Exhibit A, or for their value, for the reason that no other cause of action can be joined with this action. This motion being overruled, the plaintiff replied denying usury, and denying that any property was taken not covered by the mortgage, and alleging that J. B. Stewart had a landlord's lien for one hundred dollars upon the goods taken, which was prior to all other liens, and that the plaintiff was compelled to assume said indebtedness, by filing a bond to pay the same so as to retain said property; wherefore she asks to recover the additional sum of one hundred dollars. The case was tried by a jury, and certain special findings returned. The plaintiff filed her motion for a new trial, and on the hearing thereof

"asked the court to allow said special findings and answers to stand, and to allow a further trial and determination of the value of the plaintiff's interest in said mortgaged goods under said mortgage and note, and said landlord's lien; and after deducting the value of said plaintiff's interest from the value of the goods as found by the jury, to enter judgment in favor of the said defendant for the return of said goods, or the value of her interest therein." The court refused said requests, "and thereupon, as a final disposition of the entire case, the court overruled the plaintiff's motion for a new trial herein, and it was further adjudged by the court that said defendant have and receive herein the sum of ninety-two dollars and costs of suit, taxed at ——————— dollars, against the plaintiff." Both parties appeal, both appeals being perfected on the same day; the defendant, having first filed an abstract, will be denominated as "appellant." Defendant's appeal dismissed, upon plaintiff's appeal.—*Reversed.*

*A. A. Haskins,* for appellee.

*W. S. Clark,* for appellant.

GIVEN, J.—I. The plaintiff filed an amendment to the defendant's abstract, wherein she "denies that the appellant's abstract presents here the rec-
1. PRACTICE in supreme court: record. ord as it should be. for the purpose of presenting the appellant's appeal," and "amends the appellant's abstract as follows, for the purpose of presenting her appeal to this court, and does not undertake to correct mistakes or supply defects in the appellant's abstract." Nothing further being presented by the defendant (appellant), this denial must be taken as true, and the defendant's abstract held to be incomplete; therefore the case cannot be considered upon the defendant's appeal.

II. The plaintiff contends in support of her appeal that the court erred in overruling her motion to strike from the answer that part asking judgment for the return of the goods not covered by the mortgage, and alleged to have been wrongfully taken and converted, or judgment for their value. The contention is that this is not allowed under section 3226 of the Code. That section is as follows: "The action shall be by ordinary proceedings, but there shall be no joinder of any cause of action not of the same kind, nor shall there be allowed any counterclaim." The right to plead that other property than that covered by the mortgage was taken under the writ is not questioned, but it is the right of the defendant to judgment in this action for the return or value of the property so taken that is controverted. This claim of judgment is clearly a counterclaim, as defined in section 2659 of the Code, and is, therefore, not allowable under section 3226.

2. REPLEVIN: chattel mortgage: counter claim.

III. The plaintiff (appellant) complains of the first paragraph of the court's charge, which is as follows: "First. You are instructed that by the term used in the mortgage, to-wit: 'a stock of ladies' notions,' only such property is conveyed as is described immediately following said expression or term; also, that by the term 'ladies' notions,' in said mortgage, only such goods are conveyed as are described immediately following said term; and also by the words, 'all other goods now on hand, or to be purchased and used, in the business of a general millinery store,' is meant only such millinery goods as may be on hand for sale, or may be purchased for sale, or made up and kept for sale." The description in the mortgage is: "The general stock of millinery goods, stock of ladies' notions, consisting of hats," etc.; enumerating numerous articles, and concluding: "And all other goods now on hand, or to be purchased

3. CHATTEL mortgage: description of property: construction.

and used, in the business of a general millinery store."
The instruction is correct. "The general stock of
ladies' notions" is expressly stated as consisting of the
articles enumerated; and clearly the words, "all the
other goods now on hand, or to be purchased and used,
in the business of a general millinery store," mean
only such millinery goods as were on hand, or might be
added by purchase, for sale,—that being the business of
a general millinery store.

IV. This appellant's further complaint is that the
court erred in entering judgment against her for ninety-

*4. ——: replevin: conversion.* two dollars. The jury found that goods
of the value of ninety-two dollars, which
were not included in the mortgage, were taken under
the writ; and it was for this amount that judgment
was entered against the plaintiff, and evidently upon
the theory that the defendant might rightfully plead
this counterclaim. We are of the opinion that the
defendant was not entitled to recover in this action for
goods taken not included in the mortgage; that while
the question whether such goods were taken is properly
triable for the purpose of determining the plaintiff's
right to the possession thereof, the defendant cannot
recover therefor in this action.

For the reasons stated, the defendant's appeal will
be dismissed, and upon plaintiff's appeal the judgment
of the district court is REVERSED.