FRANK M. HOPKINS, Administrator, Appellant, v. THE CHICAGO ROCK ISLAND & PACIFIC RAILWAY COMPANY.

PRACTICE IN SUPREME COURT: UNDENIED ADDITIONAL ABSTRACT: NO EVIDENCE CONSIDERED. Where appellee files an abstract of additional evidence but states that the two abstracts do not contain all the evidence, and such statement is not denied by appellant, the supreme court will not consider questions growing out of the evidence.

*Appeal from Guthrie District Court.*—HON. J. H. APPLEGATE, Judge.

WEDNESDAY, OCTOBER 9, 1895.

Action at law to recover for the death of the plaintiff's intestate, which is alleged to have been caused by the negligence of the defendant. There was a trial by jury, and a verdict for the defendant, by direction of the court. From the judgment rendered in favor of the defendant for costs, the plaintiff appeals.—*Affirmed.*

*H. B. Holsman* and *E. R. Sayles* for appellant.

*Cummins & Wright* for appellee.

Robinson, J.—The death of the intestate, George W. Holsman, is alleged to have resulted from injuries he had received at a stock chute of the defendant, at its stock yards at Guthrie Center, while assisting in loading cars with cattle for shipment. It appears from portions of the record which may be regarded as undisputed that the chute was about forty feet in length, and five or six feet wide at the end nearest the track, the floor being raised five or six feet above the ground at that end. Posts were placed on each side of the chute, about six feet apart, the tops of which were about eight feet above the floor of the chute. Timbers two inches thick and six inches wide were nailed across the tops of each pair of posts. The sides of the chute, next to the floor, were closed by boards from four to six inches wide, placed vertically, with spaces between them three or four inches wide. There were no runways or footboards at the sides of the chute. A

private shipper had furnished planks for use in loading double-decked cars with hogs. They were used inside the chute, to construct a platform from it to the upper decks of the cars. Across them were nailed cleats, at intervals of five or six inches, to enable hogs to walk up them to the upper deck. When not in use for the purposes for which intended, those planks were placed on the timbers which connected the tops of the posts of the chute,—sometimes in a pile, and sometimes so placed as to form an upper floor or roof. When on top of the chute, they were sometimes used by shippers to walk on while driving cattle through the chute into cars. The decedent was using them in that way, when the timber on the posts nearest the car, on which he was standing, broke, and he fell to the floor of the chute or platform. The fall resulted in a compound, comminuted fracture of his left leg, the tibia and fibula being broken near the ankle, and that resulted in tetanus, which caused his death.

The appellant contends that the chute was constructed in a negligent, defective, and improper manner; that it was wholly unfit for the use for which it was intended, because of a lack of a walk or platform at the side, and was dangerous for persons using it for the purpose of loading cattle into cars. The defendant denies all negligence on its part, and all liability on account of the death of Holsman. The record is not in such a condition that we can safely decide the case on its merits. In an additional abstract the appellee denies that the evidence submitted on the trial of the case was properly preserved, and denies that the two abstracts contain all the evidence offered or introduced on the trial. To this denial no response is made, and it must therefore be taken as true. *Goode v. Stearns*, 82 Iowa, 710. The questions discussed in argument depend upon the evidence introduced, and cannot, therefore, be determined. We deem it proper to say, however, that, notwithstanding the defect in the record, we have examined it with care, and conclude that, if it fairly presents the case, it discloses no sufficient ground for reversing the judgment of the district court.—*Affirmed.*