STATE OF IOWA v. F. B. TOWER, Appellant.

**Practice on Appeal: TRANSCRIPT.** The original transcript of the evidence made by the reporter cannot be considered on appeal, unless it is identified as being the evidence in the case by a certificate of the clerk of the court below.

*Appeal from Polk District Court.*—HON. S. F. BALLIET, Judge.

MONDAY, OCTOBER 21, 1895.

The defendant was indicted for willfully, feloniously, and unlawfully using a certain instrument upon the body of one Helen Berhow with the intent to produce a miscarriage. There was a trial by jury and a verdict of guilty. From a judgment on the verdict the defendant appeals.—*Affirmed.*

*E. B. Evans* for appellant.

*Milton Remley,* attorney general, for the state.

Rothrock, J.—This appeal was presented to this court upon a transcript of the indictment, the record entry of the trial, showing a verdict of guilty, the overruling of a motion for a new trial, and judgment on the verdict. It also appears that an appeal was taken. An argument was presented in behalf of appellant which makes reference to the pages of a transcript of evidence taken by a shorthand reporter upon the trial. What purports to be a transcript of evidence is found among the papers, but it is in no way identified as the transcript of the evidence in this case by any certificate of the clerk of the district court. It appears to be an original transcript made by a shorthand reporter. The attorney general, in a brief argument, presents the

question that the court cannot consider what purports to be a transcript of the evidence, because there is no certificate of the clerk of the district court attached thereto. We think that this contention is well founded. If this is the original transcript made by the shorthand reporter, it cannot be considered as of record. See *Cox v. Macy*, 76 Iowa, 316 (41 N. W. Rep. 28), *Lookabill v. Foulks*, 83 Iowa, 423 (49 N. W. Rep. 1019). The judgment of the district court is *affirmed*.