JEMIMA M. DUNGAN, Administratrix of the Estate of
ABEL E. DUNGAN, Deceased, Appellant, v.
IOWA CENTRAL RAILWAY COMPANY.

**Practice in Supreme Court:** ASSIGNMENT OF ERROR. Where an
undenied amended abstract asserts that both abstracts do not con-
tain all the evidence, the court will not consider an assignment
that no verdict should have been directed under the evidence.

DIRECTED VERDICT. Where motion for verdict which contains several
grounds is sustained generally, the direction will be sustained
if either ground of the motion is well taken.

INDEFINITENESS. An assignment that the "court erred in his ruling
on the objections to the questions where the question and objection
are set out in the foregoing abstract" is too indefinite.

*Appeal from Mahaska District Court.*—HON. D. RYAN,
Judge.

TUESDAY, OCTOBER 22, 1895.

This action was commenced by Abel E. Dungan
to recover for personal injuries alleged to have been
sustained while a passenger on one of defendant's
trains, because of the negligence of defendant's
employes in not permitting the train to remain stopped
long enough for him to alight therefrom at the
place of his destination, and because of starting said
train with a sudden jerk, and because there was no
chain or rope between the guard rails on the rear
platform of the car on which he was riding. The
defendant answered, denying generally, and alleging
that for value received Abel E. Dungan settled with
the defendant in full of all damages growing out of
said accident, and released and discharged the defend-
ant from all liability therefor. The plaintiff replied,
admitting said settlement and release, and alleging
that the same was obtained by fraud, when he was in

an insensible and unconscious condition, and incompetent to transact business. Abel E. Dungan having died pending the action, his administratrix was substituted as plaintiff. She amended, alleging the death of Mr. Dungan, and that he died from the injuries thus received, which were received without fault or negligence on his part. At the conclusion of the evidence on behalf of the plaintiff, the defendant moved for a verdict upon the following grounds: That the evidence fails to show that defendant was guilty of negligence; that it does show that plaintiff's intestate was guilty of contributory negligence; that it fails to show that there was any fraud in making said settlement, or that plaintiff's intestate was not capable of entering into said contract of settlement; that it "shows that both plaintiff's intestate and plaintiff have fully ratified said settlement, since the making thereof, by keeping the money, and failing to either pay or tender the same back within a reasonable time, or before the commencement of this action," and that upon the whole evidence the plaintiff cannot recover. Pending the hearing of said motion, defendant filed an amendment to its answer, averring that said contract of settlement was fully ratified by Abel E. Dungan and by the plaintiff, with full knowledge of all the facts, by keeping and retaining said money, and not paying or tendering the same to defendant. Plaintiff amended her reply by denying every allegation contained in defendant's answer, adopting the allegations of the reply theretofore filed, and offering to pay to defendant the money received on said settlement. The record further shows that, after the court had announced its ruling sustaining defendant's motion for verdict, the plaintiff asked and was given leave to amend her reply, as already stated, and that thereupon, and as one of the jurors was about to sign the verdict for defendant, plaintiff, by

one of her attorneys, offered to the attorney for the
defendant twenty-five dollars, as a rescission of the
contract of settlement, and that at the same time,
plaintiff's amendment to her reply was presented.
The tender was declined, and plaintiff asked leave to
introduce evidence of said tender. The court declined
to recognize such tender, and directed the jurors
to sign the verdict, which was done. Judgment was
rendered on the verdict against the plaintiff, and
plaintiff appeals.—*Affirmed.*

*Bolton & McCoy* and *Lacey & Lacey* for appellant.

*A. C. Daly* and *L. C. Blanchard* for appellee.

Given, C. J.—I. Appellee's motion for a verdict
was upon the following grounds: "(1) The evidence
fails to show that defendant was guilty of negligence.
(2) The evidence affirmatively shows that plaintiff's
intestate was guilty of contributory negligence. (3)
The evidence and pleadings show that plaintiff's intes-
tate, Abel E. Dungan, for a valuable consideration,
settled and compromised this cause of action on the
twenty-sixth day of August, 1891, and such settlement
and release is a bar to this action. (4) The evidence
fails to show that there was any fraud in making said
settlement. (5) The evidence fails to show that plaint-
iff's intestate was not capable of entering into said
contract of settlement. (6) The evidence shows that
both plaintiff's intestate and plaintiff have fully rati-
fied the settlement, since the making thereof, by
keeping the money, and failing to either pay or tender
the same back within a reasonable time, or before the
commencement of this action. (7) Upon the
whole evidence in the case the plaintiff cannot
recover." This motion was sustained generally.
Therefore, if any ground of the motion was well

taken, there was no error in sustaining it. Appellant's assignments of errors are as follows: "(1) The court erred in his rulings upon the objections to the questions, where the questions and objections are set out in the foregoing abstract. The evidence sought to be elicited, and elicited, is relevant, competent, and material. (2) The court erred in his ruling upon the motion to direct a verdict, for the reason that, upon the whole record, plaintiff was entitled to recover, and plaintiff's cause of action should have been submitted to the jury for their determination, under proper instructions from the court. (3) The court erred in not overruling said motion to direct a verdict. (4) The court erred in holding that the plaintiff could not recover on account of the alleged settlement, the record disclosing that said settlement was obtained by fraud and duress, and at a time when the plaintiff was not able to contract on account of his mental condition. (5) The court erred in not submitting to the jury, under proper instructions, plaintiff's whole case, and further question as to whether or not the said contract was not obtained by fraud or undue influence, and at a time when the plaintiff was not capable of contracting. As upon the whole record plaintiff was entitled to recover." Appellee filed an amended abstract, denying that appellant's abstract is a full, true, correct, and complete abstract of the whole record in the case, and alleging that "the two abstracts together do not contain all the evidence." This is not denied, and, therefore, it does not appear that we have all the evidence before us. The first assignment is too general. It does not point out the rulings complained of, and the argument on that subject is even more indefinite. We are left to search the entire record to see if, in any of the rulings made in

taking the evidence, error is found. This we must decline to do, for, as has been uniformly held, the errors complained of must be specifically pointed out.

II. The second and third assignments of error involve an examination of the evidence, and as the evidence is not all before us, we cannot say whether the court did or did not err in sustaining appellee's motion for a verdict on either the first or second ground thereof, even if it appeared that the ruling was upon one or the other of said grounds. The other grounds of appellee's motion for a verdict are based upon the alleged settlement and ratification thereof, and the remaining assignment of errors rests upon the assumption that it was upon these grounds of appellee's motion that the court directed the verdict. The motion for verdict was sustained generally, and we may not assume that it was upon any particular ground, but must hold that there was no error if any of the grounds are well taken. The presumption is in favor of the action of the court. In the absence of all the evidence, we cannot say that the court erred in sustaining appellee's motion upon either the first or second ground thereof, or upon both. Upon the record before us, the judgment of the district court must be affirmed. We are better content with this conclusion, inasmuch as, upon the evidence before us, we are inclined to think the court was justified in sustaining appellee's motion on the first and second grounds thereof.—*Affirmed.*