M. KUNZ v. JAMES C. YOUNG, Appellant.

**Practice Supreme Court.** A statement contained in an amended abstract filed by appellee, that the abstract filed by appellant, and the one by appellee do not together contain all the evidence offered or received on the trial, will be taken as true, and the appeal dismissed, unless appellant files a further abstract, either in affirmance of the correctness of his original abstract, or in denial of appellee's abstract; and such denial cannot be made in the argument.

*Appeal from Webster District Court.*—HON. N. B. HYATT, Judge.

FRIDAY, APRIL 10, 1896.

ACTION to quiet title. Decree for plaintiff. Defendant appeals.—*Affirmed.*

*C. C. Cole* for appellant.

*R. M. Wright* for appellee.

KINNE, J.—I.    Plaintiff claims title to the land in controversy in Webster county, Iowa, under the swamp land grant, passed by Congress on September 28, 1850, and by act of the General Assembly, passed in 1853, and the subsequent selection of the land as swamp land by the agents of Webster county, the sale of the same to John F. Duncombe, and deed to him by the county; also, under a tax deed of said land, by the treasurer of said county, to one A. Jacobs, of date May 28, 1870; also, under a tax deed, by the treasurer, of said county, dated April 24, 1888, to F. T. Walker; also, a deed from said Walker and wife to W. G. Watters, and a deed from Duncombe and wife to said Watters, also a deed from Watters and wife to the plaintiff. Defendant claims title under the "railroad land grant"

of May 15, 1856, and a grant from the state of Iowa to
the Dubuque & Pacific Railroad Company, and by sub-
sequent transfer to the Dubuque & Sioux City Rail-
road Company, and by certification of the land by the
department of the interior to the last-named company,
and by quit-claim deeds from the railroad company to
William Ragan, and from said Ragan to the defendant.

II. In this case the appellant filed an abstract
which recites that it contains "all the evidence intro-
duced or offered on the trial of the cause." Appellee
files an additional abstract, containing many correc-
tions of, and additions to appellant's abstract, and at
the close thereof states: "And appellee denies that
appellant's abstract, and this additional abstract, when
taken together, are, or constitute all the evidence
offered or received in the trial of said cause." To the
denial appellant files no further abstract, either in
denial of the additional abstract, or by way of reaffirm-
ance of the correctness of his own abstract. Appel-
lant, however, files a transcript.. This is an equity
cause, triable *de novo* in this court; and it is essential
that it appear that we have all of the evidence before
us. It has often been held that when the appellee, in
an additional abstract, denies that appellant's abstract
is an abstract of all the evidence in the case, such state-
ment by appellee will be deemed true, in the absence of
a denial by the appellant. *Kearney v. Ferguson*, 50 Iowa,
72; *Love v. Donaldson*, 63 Iowa, 631 (19 N. W. Rep. 804);
*Acton v. Coffman*, 74 Iowa, 17 (36 N. W. Rep. 774); *Shat-
tuck v. Insurance Co.*, 78 Iowa, 377 (43 N. W. Rep. 228);
*Carson & Rand Lumber Co. v. Knapp, Stout & Co. Com-
pany*, 80 Iowa, 611 (45 N. W. Rep. 544); *Burkhart v.
Ball*, 59 Iowa, 629 (10 N. W. Rep. 260), and (13 N. W.
Rep. 666); *Marsh v. Smith*, 73 Iowa, 295 (34 N. W. Rep.
866); *Foley v. Hefferon*, 70 Iowa, 572 (31 N. W. Rep.
877); *Chapin v. Garretson*, 85 Iowa, 377 (52 N. W. Rep.
104); *Fairbairn v. Haislet*, 90 Iowa, 145 (57 N. W. Rep.

702); *Hopkins v. Railway Co.*, 94 Iowa, 752 (64 N. W. Rep. 603); *Dungan v. Railway Co.*, 96 Iowa, 161; *Farwell v. Zenor* (65 N. W. Rep. 317); *Cleveland v. Atkinson*, 94 Iowa, 621 (63 N. W. Rep. 465); *Turner v. Steam Co.*, 94 Iowa, 715 (61 N. W. Rep. 415). In this condition of the record, we cannot consider the case on its merits. *Goode v. Stearns*, 82 Iowa, 710 (47 N. W. Rep. 893). In such a case we do not go to the transcript, but accept the statement of appellee's abstract as correct. *Brooke v. Railway Co.*, 81 Iowa, 504 (47 N. W. Rep. 74), and cases cited.

Some language is used by appellant, in argument, which might, perhaps, be claimed as a denial of appellee's abstract. But a denial of an abstract in an argument is not sufficient. *Agency Co. v. Bush*, 84 Iowa, 272 (50 N. W. Rep. 1063), and cases cited. This disposition of the case renders it unnecessary to pass upon the motions presented. The decree below is AFFIRMED.