FRED J. ELDRIDGE v. C. M. C. STEWART, Appellant.

**Practice.** Where a court, without objection, adopts a theory as the law of a case, it is error to exclude testimony, which is material under such law, whether the law made is correct or not.

**Practice Supreme Court.** Misconduct of counsel will not be reviewed where it is denied in an additional abstract, and appellee does not reaffirm. If he does reaffirm, he must file transcript.

*Appeal from Cerro Gordo District Court.*—HON. P. W. BURR, Judge.

SATURDAY, APRIL 11, 1896.

ACTION for wages. Trial to a jury. Verdict and judgment for plaintiff, and defendant appeals.— *Reversed.*

*Richard Wilbur* and *Cliggitt & Rule* for appellant.

*Glass & McConlogue* for appellee.

KINNE, J.—I.  Plaintiff alleged that he entered into defendant's employment on July 30, 1892, at the agreed price of fifty dollars per month, to take care of and track horses, and such work as is required in caring for stallions, brood mares, and trotting horses, and continued in said employment until July 17, 1893; that he had been paid three hundred and seventy-three dollars; that the agreement for the fifty dollars per month was until January 1, 1893, and nothing further was said as to wages; that plaintiff's services were reasonably worth fifty dollars per month for the time after January 1, 1893, and there is two hundred and four dollars and forty cents due him.  Defendant answered, admitting that plaintiff's wages should be fifty dollars per month to January 1, 1893, and averring that at said time it was agreed that plaintiff's wages should thereafter be forty-five dollars per month.  In a counter-claim he alleged: That plaintiff was employed in his (defendant's) stables while the defendant was engaged in the business of standing blooded stallions. That he had appointed plaintiff his general superintendent, to, in his (defendant's) absence in Europe, have care of breeding said stallions according to the wishes of defendant's patrons.  "That at said time defendant had in his stable, and under plaintiff's control, a stallion called 'Manchester C,' to which one I. L. Potter, a patron of defendant, was desirous of breeding mares, and placed said mares in defendant's stable, in the care and control of plaintiff, with the express understanding, as plaintiff well knew, that said mares were to be bred to said stallion, but that plaintiff betrayed the trust confided in him, and willfully, wantonly and maliciously bred one of said mares to another

stallion of defendant's, against the will, and without the knowledge or consent, of defendant or of said patron. That the said Potter had other mares which he contracted to breed to said stallion for the same and the following year, but afterwards learned of plaintiff's breach of trust, and thereby lost his confidence in defendant's stables, and refused to patronize defendant and his stables, and demanded, and defendant was forced to pay said Potter the sum of one hundred dollars damages for plaintiff's said act; and said act became known to many other patrons of defendant, whereby the reputation and standing of defendant's stables became impaired, to his damage, compensatory and exemplary, in the sum of five hundred dollars, for which he asks judgment." Plaintiff, in a reply, denied all of the allegations of the answer. Defendant filed his affidavit for a continuance of the cause on account of the absence of certain witnesses, which motion the court sustained, whereupon plaintiff, to avoid a continuance, admitted that the witnesses, if present, would testify as in said affidavit stated, and thereupon said cause proceeded to trial. Evidence was introduced by the parties tending to sustain their several allegations. The defendant offered in evidence his affidavit for a continuance, which was read to the jury, except portions thereof, which the court excluded, to which ruling an exception was taken. Appellant charges that plaintiff's counsel was guilty of gross and prejudical misconduct in making certain statements to the jury in his closing argument, to which exception was taken. These two matters constitute the only errors assigned.

II. Touching the misconduct complained of, we cannot, in the condition in which we find the record, determine it. The language imputed to plaintiff's counsel, in appellant's abstract, is denied in appellee's abstract, which must, we think, to that extent, be

treated as a denial of appellant's abstract. Appellant does not reaffirm the correctness of his original abstract, as we think. If, however, the language used can be so treated, it devolved upon appellant to file a transcript as to the matter in dispute. He has not done so, and we cannot pass upon the question sought to be presented.

III. It is contended that the court erred in ruling out certain parts of the statements in defendant's affidavit for a continuance, and in this view we concur. We shall not set out the affidavit. In brief, we think that all of that part of the affidavit printed in the abstract in "bold-faced type," as it is called in appellant's argument, and which defendant was prohibited from reading to the jury, should have been admitted in evidence. This we decide, without in any manner, considering or determining the rule as to the measure of damages in the case, as that question is not before us. The court instructed the jury, following the line of defendant's counter-claim, and embracing damages for breeding Potter's mare to the wrong stallion, and for loss of Potter's patronage in the ensuing year, on account thereof. These instructions, whether right or wrong, were the law of the case, and it occurs to us that the statements in the affidavit, which we hold to have been wrongfully stricken out or prevented from being read to the jury, were material and relevant in view of the rule of damages stated in the instructions. As we have said, the instructions were not excepted to, and hence we cannot consider the further question argued by counsel as to the rule of damages in such cases.—REVERSED.