## THE STATE OF IOWA

AT

## DES MOINES, OCTOBER TERM, A. D. 1896,

AND IN THE FIFTIETH YEAR OF THE STATE.

| 98 | 649 |
|----|-----|
| 105 | 465 |

CHARLES S. CLARK, Contestant and Appellant, v. GEORGE S. TRACY.

**Appeal:** ESTOPPEL. A question which can be determined only on an examination of evidence will not be considered on appeal, where appellant does not deny a statement in the appellee's abstract that all the abstracts together do not contain all the evidence.

SAME: *Review.* A statement in appellant's amendment to appellant's abstract that all the abstracts together do not contain all the evidence, will be treated as correct where the appellant does not deny such statement or reaffirm a statement in his abstract that it contains all the evidence.

*Appeal from Des Moines District Court.*—HON. JAMES D. SMYTH, Judge.

TUESDAY, OCTOBER 6, 1896.

*C. L. Poor* and *John J. Seerley* for appellant.

*Blake & Blake, Paul Guelich,* and *S. K. Tracy* for appellee.

KINNE, J.—In view of the condition of the record in this case, it is not necessary to set out the facts fully. Defendant, the incumbent, was adjudged by the district court to have been legally elected to the office of county attorney of Des Moines county, Iowa. Plaintiff, the contestant, claims he was legally elected to said office. The controversy involves a consideration of the correctness of certain rulings of the trial court relating to the admission and rejection of evidence, including ballots claimed to have been cast for each of the parties. There have been filed on behalf of appellant an abstract and an additional abstract, which recite that both taken together contain "all the evidence introduced or offered on the trial by either party, and correctly shows and sets forth all objections to evidence, rulings thereon, and exceptions taken." Afterwards the appellee filed an amendment to the abstract, in which it is said: "Appellee denies the correctness of appellant's abstract and additional abstract, and says that they do not contain all of the evidence introduced in said cause, or necessary to a presentation of this appeal, and presents as additional evidence. the following additional abstract, and avers that all of the abstracts of the record or amendments as now presented do not contain all of the evidence." This abstract then sets forth additional evidence.

To this denial of appellee, appellant has made no response by filing an abstract containing a reaffirmance of the correctness of his original and additional abstract; and therefore, under repeated rulings of this court, we are required to treat the statement in appellee's abstract, that all of the

abstracts do not contain all of the evidence, as correct. *Carson & Rand Lumber Co. v. Knapp, Stout & Co.*, 80 Iowa, 617 (45 N. W. Rep. 544); *Chapin v. Garretson*, 85 Iowa, 379 (52 N. W. Rep. 104); *Fairbairn v. Haislet*, 90 Iowa, 145 (57 N. W. Rep. 702); *Hoffman v. Fritz*, 91 Iowa, 733 (59 N. W. Rep. 50); *Brooke v. Railroad Co.*, 81 Iowa, 516 (47 N. W. Rep. 74); *Goode v. Stearns*, 82 Iowa, 710 (47 N. W. Rep. 893); *Turner v. Steam Co.*, 94 Iowa, 715 (61 N. W. Rep. 415); *Hendricks v. City of Council Bluffs*, 94 Iowa, 192 (62 N. W. Rep. 675); *Hopkins v. Railroad Co.*, 94 Iowa, 752 (64 N. W. Rep. 603); *Duer v. Allen*, 96 Iowa, 36 (64 N. W. Rep. 682); *Dungan v. Railroad Co.*, 96 Iowa, 161 (64 N. W. Rep. 762); *Crawford v. Berryhill*, 97 Iowa, 689 (66 N. W. Rep. 876); *Eldridge v. Stewart*, Id. 891. It is well settled that we will not resort to a transcript, in the absence of a denial of appellee's abstract, or of a reaffirmance of appellant's abstract. *White v. Savery*, 49 Iowa, 197; *Kearney v. Ferguson*, 50 Iowa, 72; *Brooke v. Railroad Co.*, 81 Iowa, 516 (47 N. W. Rep. 74); *Hoffman v. Fritz*, 91 Iowa, 734 (59 N. W. Rep. 50).

Every question raised upon this appeal must be determined from an examination of the evidence, and, with a record the effect of which is to admit that we have not all of the evidence before us, we cannot determine any of the questions presented. The judgment below must therefore be AFFIRMED.