T. C. PRESCOTT AND JOHN WALLACE v. THE RIVERSIDE PARK RAILWAY COMPANY, Defendant, THE BALTIMORE TRUST & GUARANTEE COMPANY, Intervener and Appellee, LOUISE LARSON, Intervener and Appellant, E. L. KIRK, Receiver.

Appeal: UNDENIED AMENDMENT TO ABSTRACT. Appellee filed an abstract denying the correctness of appellant's abstract, and that it contained all the evidence, and that both abstracts contained all the evidence offered, or introduced, on the trial. Appellant filed an amendment containing new matter, averring that its abstract, appellee's abstract, and appellant's reply abstract contained all the evidence. Appellee filed an additional and reply abstract, averring that all the abstracts did not contain all the evidence. *Held*, that the latter statement of appellee would be deemed true in the absence of a denial by appellant.

REVIEW. The question whether a certain railroad is a railroad proper, or a street railway, is one of fact, which the supreme court cannot determine without an examination of the evidence as to its character and manner of construction, operation and use.

*Appeal from Woodbury District Court.*—HON. FRANK R. GAYNOR, Judge.

MONDAY, OCTOBER 26, 1896.

INTERVENER Louise Larson, in the summer of 1894, recovered a judgment for personal injuries against the defendant, the Riverside Park Railway Company, for seven thousand five hundred dollars. More than two years prior thereto, said defendant company was organized under the laws of the state of Iowa, and constructed and owned a railway track, electrical equipments, wires, poles, electric motors, and street cars. It had, long prior to the recovery of the aforesaid judgment, executed a deed of trust to the intervener, the Baltimore Trust & Guarantee Company, as trustee, on all of its property, to secure its bonds in the sum of three hundred and twenty-five thousand dollars, which instrument was duly recorded. The full amount of bonds authorized were issued and sold. This case was brought by plaintiffs against the defendant, but before it came to a hearing, plaintiffs' claim was settled. Meantime Louise Larson had intervened, setting up her judgment, and asking that it be decreed a first lien upon the property of the railway company, and making her pleading a cross-petition against all of the parties to the action, as well as to those afterwards becoming parties. Thereafter, appellee, the Baltimore Trust & Guarantee Company filed its petition of intervention and cross-petition to foreclose said deed of trust, and a trial was had to the court, as to the issues between said interveners alone, and a decree entered dismissing the said Louise Larson's petition of.

intervention as to the other intervener, and making her judgment a lien upon the property of the railway company subject to the bonds of the said trustee, and barring her of all rights in said property except the right of redemption. From this decree she appeals. Other matters were in issue between said interveners, which will be stated, if found material, in the further discussion of the case.—*Affirmed.*

*W. W. Soule* and *F. E. Gill* for intervener appellant.

*Wright, Hubbard & Bevington* for intervener appellees Baltimore Trust & Guarantee Co. and E. L. Kirk.

KINNE, J.—I. This is an equity cause, triable *de novo* in this court. Appellee files an abstract, in which it denies the correctness of appellant's abstract, denies that all of the testimony offered or introduced upon the trial in the court below was duly filed and made a part of the record, and avers that appellant's abstract and appellee's abstract do not contain all the evidence offered or introduced on said trial. Appellant files an amendment, averring that appellant's abstract and appellee's abstract, and appellant's reply abstract do contain all the evidence offered and introduced on the trial. Appellee then filed an additional abstract and reply to appellant's amended abstract, in which it avers that all of the abstracts and amended and additional abstracts do not contain all of the evidence. To this last denial no response was made by appellant. The amended abstract filed by the appellant contained new matter, as well as a denial of the statement in appellee's abstract. Such being the case, it was proper, if appellee still claimed that, with the new matter set out in appellant's amendment, the abstracts and amendment did not embrace all of the evidence, to so state in an additional

abstract. This it did, and insists that all of said abstracts do not contain all of the evidence offered and introduced on the trial. The rule is well settled that, when the appellee, in an additional abstract, denies that appellant's abstract is a correct abstract of all the evidence in the case, such statement will be deemed true, in the absence of a denial by appellant. *Kunz v. Young,* 97 Iowa, 597 (66 N. W. Rep. 879), and cases cited. Not having all of the evidence before us, we cannot determine the case upon its merits.

II. Appellant insists that, as she has assigned errors, the questions presented may be determined regardless of the condition of the record. She says: "The only question in the case is as to whether or not the Riverside Park Railway Company is a railroad or street railway, and, if a street railway, does section 2008, McClain's Code, include street railways?" To determine whether the road is a railway proper, or a street railway, requires an examination of the evidence as to the character, manner of construction, operation and use of the road. Not having all of the evidence before us, we cannot determine questions, the proper solution of which depends upon the evidence. Appellee moves to strike the evidence and the abstract because, as it alleged, the evidence has not been properly preserved. In view of our conclusion as to the condition of the record, it is not necessary to pass upon this motion. For the reasons given, the judgment below must be AFFIRMED.