## M. D. CORD, Appellant, v. JOHN BARRY.

**Appeal:** CONFLICTS IN ABSTRACTS: *Duty to furnish transcript.* Where there is an issue as to the sufficiency of the abstract, the burden is upon the appellant to provide a transcript of the record, and for failure to do so the appeal must be dismissed.

*Appeal from Woodbury District Court.*—HON. G. W. WAKEFIELD, Judge.

### WEDNESDAY, MAY 19, 1897.

ACTION at law to recover the value of seven hundred and sixty bushels of corn, alleged to be due, under a written lease, on account of rent for the year 1894, and for a landlord's attachment. The defendant answered, admitting the execution of the lease, and alleging a subsequent oral agreement by which the amount of rent corn and the time of delivery were changed, and that he has fully performed said oral agreement. He also alleges, by way of counter-claim, that the attachment was wrongfully sued out, and asks damages. Verdict and judgment were rendered for the defendant in the sum of one hundred and

fifty-three dollars and thirty-five cents. Plaintiff appeals.—*Dismissed.*

*Jepson & Jepson* and *Marks & Mould* for appellant.

*Marsh & Henderson* for appellee.

GIVEN, J.—Appellant's abstract was served February 7, and filed February 10, 1894, wherein he says: "And this abstract contains all of the evidence produced, offered, and introduced upon the trial of this case, the objections thereto and the rulings thereon, and all exceptions taken, all of the instructions of the court, and the instructions asked by the plaintiff, and is a complete and true abstract of the record therein." February 22, 1896, appellee filed an amendment to the abstract, wherein he denies that said abstract and amendment contain "all the record, or all the pleadings, or all the evidence offered or introduced on the trial." February 25, 1896, the appellant filed an amendment to his abstract, wherein he states as follows: "And the original abstract of the appellant herein filed, together with the appellee's amendment thereto, and this amendment of appellant's abstract, contains all of the evidence produced, offered, and introduced on the trial of this cause; all of the objections thereto, and the rulings on such objections, and the exceptions taken thereto; all of the instructions asked for by the plaintiff, and the rulings of the court thereon, and plaintiff's exceptions to such rulings; all of the instructions given by the court, and all of the exceptions taken thereto,—and is a true abstract of all of the evidence, pleadings, and of all of the record in said cause." This amendment does not set out any part of the record. Appellant further states that a transcript of the evidence is on file in the office of the clerk of the district court, and "invites the appellee to

file the said transcript in this court, and the supreme court is respectfully asked to order the same filed, if deemed necessary or expedient in determining the question in this case presented and involved." Here we have a direct issue as to the sufficiency of the abstract; the appellant affirming and the appellee denying. In such case the dispute can only be determined by reference to the transcript. Appellant seems to think that it is the duty of the appellee to file the transcript, or of the court to order it to be filed, but such is not the practice. The burden is upon the appellant, in case of such a denial, to sustain what he has affirmed, by a production of the transcript; and, as he has not done this, we are as if no record whatever was before us. See *Lookabill v. Foulks*, 83 Iowa, 423; *Chapin v. Garretson*, 85 Iowa, 377, and *Griffith v. Harvester Co.*, 92 Iowa, 635. With this condition of the record, the appeal must be DISMISSED.